UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY TORRES | : | CIVIL NO. 3:03CV696 (JBA) (JGM) |
| v. | : | |
| "JOHN" TROMBLY, ET AL. | : | FEBRUARY 24, 2004 |

## MEMORANDUM IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

### INTRODUCTION

The plaintiff is an inmate at the Northern Correctional Institution serving a thirty (30) year sentence for sexual assault in the first degree. He filed this present application for a temporary restraining order and/or preliminary injunction to restrain the defendant Trombly from harassing, taunting and retaliating against him. Further, the plaintiff appears to be seeking an injunction to order the defendant Kindness to provide him with his blood pressure medication.

The plaintiff states in part in his declaration in support of the his application for temporary restraining order and/or preliminary injunction that on March 16, 2003, he was denied his medication by Nurse Kindness because he refused to wear a shirt in his cell while medication was being passed out. The plaintiff declares, with respect to Trombly, that on April 11, 2003, he began to verbally harass him by saying derogatory epithets over the intercom in the plaintiff's cell. He further claims that later on that same day Trombly falsely documented that the plaintiff had his shower thereby depriving him of his shower that day.

## STANDARD FOR TEMPORARY RESTRAINING

## ORDER AND PRELIMINARY INJUNCTION

The Supreme Court has long held that injunctive relief is an "extraordinary remedy". Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-12 (1982). In order to grant either a preliminary injunction or a temporary restraining order, the plaintiff must demonstrate: [1]

> [N]ot only that he is likely to suffer irreparable injury if relief is denied but that there is either (1) a likelihood of success on the merits or (2) a sufficiently serious question going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the plaintiff's favor.

Proctor & Gamble Co. v. Cheesborough-Pond's, Inc., 747 F.2d 114, 118 (2d Cir. 1984).

A showing of irreparable harm is "an absolute requirement for an award of injunctive relief." Stewart v. U.S. Immigration and Naturalization Service, 762 F.2d 193, 199 (2d Cir. 1985). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough to justify injunctive relief." Id. The plaintiff must establish that "the alleged threats of irreparable harm are not remote or speculative but are actual and imminent." New York v. Nuclear Regulatory Commission, 550 F.2d 745, 775 (2d Cir. 1977).

---

[1] The standard for the granting of a temporary restraining order and a preliminary injunction is the same. Local 1814, International Longshoremen's Association, AFL-CIO v. New York Shipping Association, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992).

## THERE WAS DELIBERATE INDIFFERENCE
## TO THE PLAINTIFF'S SERIOUS MEDICAL NEED

To establish an unconstitutional denial of medical care, an inmate must prove "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 291 (1976). Mere negligence will not support a Section 1983 claim. The conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 203, 232 ((S.D.N.Y. 1988). (Citing) United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970). A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F.Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06.

There are both subjective and objective components to the deliberate indifference standard. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, __ U.S. __, 115 S.Ct. 1108 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The term "serious medical need" contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway, supra, 37 F.3d at 66 (quoting Nance v. Kelley, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting)). See, e.g., Hathaway v. Coughlin, 841 F.2d 48 (2d Cir. 1988) (broken pins in hip); Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974) (discarding inmate's ear rather than reattaching it); Martinez v. Mancusi, 443 F.2d 921, 923 (2d Cir. 1970) (refusal to follow surgeon's instructions), cert. denied, 401 U.S. 983 (1971). Not all medical conditions, however, are considered "serious." See e.g. Jones v. Lewis, 874 F.2d 1125 (6th Cir.

1989) (mild concussion and broken jaw); Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988); Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995) (delay in providing routine dental treatment); May v. Baldwin, 895 F.Supp. 1398 (D-Or. 1995) (dry skin); Glasper v. Wilson, 559 F.Supp. 12 (W.D.N.Y. 1982) (bowel problems).

Subjectively, the prison official must have acted with "sufficiently culpable state of mind." Hathaway v. Coughlin, supra, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk if serious harm exists, and he must also draw the inference." (quoting Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994).

Inmates do not have a constitutional right to the medical treatment of their choice. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) ("correctional facility is not a health spa, but a prison in which convicted felons are incarcerated"). Thus mere disagreement with prison officials about what constitute appropriate medical care does not state a claim cognizable under the Eighth Amendment. Ross v. Kelley, 784 F.Supp. 35, 44 (W.D.N.Y.), aff'd 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1982).

In the present case, the plaintiff alleges in his declaration one incident in which he allegedly did not receive his medication. This assertion on the part of the plaintiff is disputed by Patricia Wollenhaupt, Correctional Hospital Nursing Supervisor at the Northern Correctional Institution. In her affidavit, Wollenhaupt confirms that the plaintiff did receive his blood pressure medication on March 16, 2003. Wollenhaupt further states in her affidavit that the

plaintiff has received and continues to receive appropriate medical care. It is noteworthy that the plaintiff does not allege that he suffered any injury as a result of this alleged incident.

Thus, it is unlikely that the plaintiff will prevail on his claim of deliberate indifference to his serious medical condition and therefore he does not satisfy the requirements for a temporary restraining order or preliminary injunction. Moreover, the plaintiff's own assertions do not evidence irreparable harm, an essential requirement for an award of injunctive relief.  The plaintiff's assertions of harm are remote and speculative. He asserts that Nurse Kindness has threatened to speak to the warden to have a policy change which requires inmates to wear t-shirts when medication is being dispensed.  This speculation about an alleged change in policy does not translate to "actual and imminent" harm for purposes of an injunction.  See New York v. Nuclear Regulatory Commission, 550 F.2d 745 (2d Cir. 1977).

## VERBAL HARASSMENT DOES NOT CONSTITUTE A CONSTITUTIONAL VIOLATION

The plaintiff asserts that he was verbally harassed by Trombly over the intercom on April 11, 2003.  There is a long line of cases which have established that "[v]erbal harassment does not state an Eighth Amendment violation. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) ('Verbal threats are not constitutional violations cognizable under § 1983.'); accord, Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986). See Cuoco v. U.S. Bureau of Prisons, No. 98 Civ. 9009 (WHP), 2001 WL 167694, at *3 (S.D.N.Y. Feb. 16, 2001) (holding that, although abhorrent, verbal harassment and profanity do not violate an inmate's constitutional rights); Rivera v. Goord, 119 F. Supp. 2d 327, 342 (S.D.N.Y. 2000) (same); Ramirez v. Holmes, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) ('Allegations of threats or verbal harassment without injury or

damage, do not state a claim under 42 U.S.C. § 1983."); <u>Jeromoson v. Coughlin</u>, 878 F. Supp. 444, 449 (N.D.N.Y. 1995) ('Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983.')." <u>Haskin v. Jones</u>, Civ. No. 3:00CV997 (WWE)(HBF) (April 3, 2002). In <u>Johnson v. Moore</u>, 2001 U.S. App. Lexis 5031 (6th Cir. 2001), the court held "[a]llegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. <u>Citing</u> <u>Ivey v. Wilson</u>, 832 F.2d 950, 955 6th Cir. 1987). The court further held that allegations of verbal harassment do not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. <u>Id</u>.

Since the plaintiff's assertions regarding alleged verbal harassment by Trombly do not rise to the level of a constitutional violation and fail to state a cause of action under § 1983, they cannot form the basis for granting him a temporary restraining order or preliminary injunction.

Similarly, a single incident of an inmate being deprived of a shower, as asserted by the plaintiff in his declaration, does not rise to the level of an Eighth Amendment violation. Such an isolated incident is not sufficient to "shock the conscience" or constitute a "barbarous act." <u>See</u> <u>McCloud v. Delaney</u>, 677 F. Supp. 203 (S.D.N.Y. 1988).

## **CONCLUSION**

The foregoing clearly establishes that the plaintiff has not met the requirements for a temporary restraining order or a preliminary injunction. Accordingly, his application should be denied.

DEFENDANTS
"JOHN" TROMBLY, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Henri Alexandre
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct0542
E-Mail:  Henri.alexandre@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

     I hereby certify that a copy of the foregoing was mailed to the following on this 25th day of February 2004:

Anthony Torres #2460727
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

_____
Henri Alexandre
Assistant Attorney General