FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAR -4  P 2: 30

US DISTRICT COURT
BRIDGEPORT CT

ANTHONY TORRES                    :

v.                                :              PRISONER
                                      CASE NO. 3:03cv696 (JBA)
JOHN TROMBLY, ET AL               :


## RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION [DOC. #8]


The plaintiff is currently confined at Northern Correctional
Institution in Somers, Connecticut.  He seeks an order enjoining
all of the defendants from withholding his prescribed medication,
an order enjoining defendants Trombly, Coates, Dumas and Lantz from
retaliating against him and/or denying him regularly scheduled
showers, and an order enjoining defendant Trombly from coming
within 200 feet of him and/or harassing and taunting him.

"[I]nterim injunctive relief is an 'extraordinary and drastic
remedy which should not be routinely granted.'" Buffalo Forge Co.
v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981)
(quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d
Cir. 1977)).  In addition, a federal court should grant injunctive
relief against a state or municipal official "only in situations of
most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733,
739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well

established.   To warrant preliminary injunctive relief, the moving
party "must demonstrate (1) that it will be irreparably harmed in
the absence of an injunction, and (2) either (a) a likelihood of
success on the merits or (b) sufficiently serious questions going
to the merits of the case to make them a fair ground for
litigation, and a balance of hardships tipping decidedly in its
favor."   Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d
738, 743-44 (2d Cir. 2000).

Although a showing that irreparable injury will be suffered
before a decision on the merits may be reached is insufficient by
itself to require the granting of a preliminary injunction, it is
nevertheless the most significant condition which must be
demonstrated.   See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275
(2d Cir. 1985).   To demonstrate irreparable harm, plaintiff must
show an "'injury that is neither remote nor speculative, but actual
and imminent and that cannot be remedied by an award of monetary
damages.'"   Forest City Daly Housing, Inc. v. Town of North
Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v.
DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly
supported motion for preliminary injunction, oral argument and
testimony are not required in all cases.   See Drywall Tapers &
Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir.
1992).   Where, as here, "the record before a district court permits
it to conclude that there is no factual dispute which must be

2

resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., <u>Moore's Federal Practice</u> ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary.

The plaintiff claims that the medical staff at Northern Correctional Institution diagnosed him as suffering from high blood pressure and prescribed medication for the condition to be taken daily. (Pl'.s Decl. ¶ 3.) The plaintiff alleges that on March 16, 2003, defendants Kindness and Trombly withheld his high blood pressure medication because he refused to comply with defendant Trombly's order to put on a t-shirt prior to receiving medication. (Pl'.s Decl. ¶¶ 4, 7.) The plaintiff claims that he learned later that day that no such policy requiring inmates to wear t-shirts prior to receiving medications in their cells existed within the Department of Correction. (Pl'.s Decl. ¶ 8.) The plaintiff alleges that on March 17, 2003, defendant Kindness again informed the plaintiff that he must put on a t-shirt prior to receiving his medication, but when he refused, she gave him his medication anyway. (Second Am. Compl. ¶ 34.) The plaintiff also alleges that defendant Kindness verbally threatened to speak to the warden regarding the creation of a rule requiring inmates to wear t-shirts in order to receive medication in their cells. (Pl'.s Decl. ¶ 9.)

In response to the plaintiff's motion, defendant Patricia Wollenhaupt, a Correctional Hospital Nursing Supervisor with the

3

State of Connecticut Department of Correction, has filed an affidavit.  (See doc. # 19.)  Nurse Wollenhaupt avers that she has reviewed the plaintiff's medical records from March 16, 2003, to the present.  (Wollenhaupt Aff. ¶ 5.)  The plaintiff's medical records reveal that the plaintiff is prescribed a mild diuretic for high blood pressure.  (Wollenhaupt Aff. ¶ 6.)  The medical records also reveal that the plaintiff received his high blood pressure medication every day in March, including March 16, 2003. (Wollenhaupt Aff. ¶ 7.)  On that day, Nurse Lynn Nordell dispensed the plaintiff's medication.  (Wollenhaupt Aff. ¶ 8.)  Nurse Wollenhaupt avers that her review of the plaintiff's medical records confirms that the plaintiff has received and continues to received appropriate medical care.  (Wollehaupt Aff. ¶ 9.)

The plaintiff contends that he did not receive his high blood pressure medication from defendant Kindness on March 16, 2003, and the defendants contend that he did in fact receive it from another nurse.  Even if the plaintiff did not receive his medication on one day in March 2003, the plaintiff does not allege in his motion, memorandum or declaration that he suffered any ill health effects due to the denial of medication on that one occasion, or that he did not receive his medication on any other day.  Nor does the plaintiff's second amended complaint which was filed in September 2003, include any allegations of additional incidents of withholding medication from the plaintiff or threatening to withhold medication from the plaintiff.  In addition, there are no

4

claims in the second amended complaint that any policy requiring that inmates wear t-shirts was ever implemented at Northern. Thus, the plaintiff has set forth an isolated incident of alleged denial of medication for his high blood pressure and does not allege the occurrence of any other denials of medication or medical treatment in the six months following the incident. The court concludes that the plaintiff has not alleged that he was harmed by the denial of medication on one day and has not demonstrated that he will be irreparably harmed if the court does not grant the relief requested. The plaintiff's claim that the defendants may withhold his medication again in the future is speculative. Accordingly, the plaintiff's request for injunctive relief relating to his high blood pressure medication is denied.

The plaintiff also claims that on April 11, 2003, defendant Trombly verbally harassed and taunted him and denied him access to his regularly scheduled shower, in retaliation for Torres' submission of grievances to prison administration officials. The plaintiff claims that he was unable to shower for five days. The plaintiff does not allege that defendant Trombly denied him access to a shower on any other day or that he was unable to use the sink in his cell to wash himself during the five day period. The plaintiff does not allege that he suffered any harm as a result of either the verbal harassment or the denial of a shower. Furthermore, the second amended complaint, filed in September 2003, does not include any allegations that defendant Trombly denied the

5

plaintiff a shower on any other occasion. The plaintiff's claims that defendant Trombly may verbally harass him or deny him access to a shower on some future date are speculative at best. Possible future harm is insufficient to support a motion for injunctive relief. See Shapiro, 51 F.3d at 332. Thus, the court concludes that the plaintiff has failed to allege that he will suffer irreparable harm if his requests for injunctive relief are not granted. Torres' assertion that the future exercise of his constitutional rights have been chilled by the retaliatory conduct of defendant in denying him a shower is also not sufficient for preliminary injunctive relief. Because Torres does not claim that he has been denied medication other than on March 16, his need or wish to file future medical grievances remains speculative. In this context, Torres' constitutional claim can be adequately redressed after this case proceeds on its merits. Cf. Holt v. Continental Group, Inc., 708 F.2d 87, 91 (2d Cir. 1983) (rejecting a per se rule or a presumption of irreparable injury from claimed chilling effect of retaliatory conduct).

6

Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief.  See Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered").

CONCLUSION

For the reasons stated above, the Motion for Temporary Restraining Order and Preliminary Injunction [Doc.# 8] is DENIED.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 2nd day of March 2004.

7