FILED
2004 MAR 11 P 4: 13
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
    Plaintiff,

v.

"John" TROMBLY, et al.,
    Defendants.

Civil Action No.
3:03-CV-696
(JBA) (JGM)

March 8, 2004

## PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR TRO AND PRELIMINARY INJUNCTION

This reply is being submitted to the court in response to the defendants' filed memorandum in opposition dated February 24, 2004.

## THE ISSUE OF SERIOUS MEDICAL NEEDS

The defendants' memorandum concerning the plaintiff's serious medical needs is misleading. Any common layman is fully aware of the fact that serious high blood pressure can easily result in a heart attack or stroke. It's interesting to note that the medical defendants, according to the <u>Declaration</u> of the plaintiff, first advised Mr. Torres that his high blood pressure was very serious and required medication to reduce the risk of harm to his health. Now that a lawsuit has been initiated against the prison medical staff and non-medical personnel involving the issue of a wrongful denial of high blood pressure medication, the "very seriousness" of Mr. Torres'

condition is (in the words of Defendant Wollenhaupt's affidavit) "mild" and not a threat to his health. It is evident that the defendants have an arrogant way of changing their medical diagnosis when it becomes convenient to do so.

The plaintiff's <u>Declaration</u> is comprehensive to a point that clearly establishes the seriousness of the blood pressure issue. The deceitful alteration of the plaintiff's medical records doesn't change the facts.

## VERBAL HARASSMENT IS NOT BEING CLAIMED BY THE PLAINTIFF AS A CONSTITUTION VIOLATION

The plaintiff had never claimed in his Second Amended Complaint that verbal harassment constituted a constitutional violation. The plaintiff recommends that the defendants read the Amended Complaint just a little bit more carefully.

## DEFENDANT WOLLENHAUPT HAS COMMITTED CRIMINAL PERJURY IN HER AFFIDAVIT AND HAS UNLAWFULLY ALTERED THE PLAINTIFF'S MEDICAL RECORDS

Upon the plaintiff's examination of Paragraph - 7 through 9 of the Wollenhaupt affidavit, it was found that she, with the direct assistance of defense counsel, had knowingly filed an affidavit containing perjured statements. The Wollenhaupt affidavit itself is refuted by the very high-ranking security officials at the Northern prison compound. <u>Please examine the signed statements in Attachment - G of Page - 1 and 5 (DOC-Inmate Grievance Forms) by "Lt. Gargiulo" and "A/M (Acting Major) Faneuff" respectively, in the Second Amended Complaint.</u>

Nurse Wollenhaupt is going to need the <u>Great Houdini</u> magician to get out of the perjury she had committed and the deliberate and unlawful alteration of the plaintiff's medical records.

-5-

Therefore, the plaintiff will seek this court to refer this perjury matter to the United States Attorney for the District of Connecticut for criminal prosecution of Patricia Wollenhaupt.

Additionally, the plaintiff will seek this court to make an official request to the United States Attorney to investigate the involvement of state Assistant Attorney General, Henri Alexandre, in the subornation of perjury in the preparation of the Wollenhaupt affidavit.

Dated: March 8, 2004  Respectfully submitted,

Anthony Torres
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Rd., P.O. Box-665
Somers, CT 06071

-6-

CERTIFICATION

This is to certify that a true copy of the above reply was mailed, postage prepaid, on this 8th day of March 2004, pursuant to Rule-5(b) of the FRCP, to Henri Alexandre, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

_____
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-7-