

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Anthony Torres         :
                       :
v.                     :    No. 3:03cv696 (JBA)
                       :    PRIS.
John Trombly, et al.   :

FILED

MAR 16  12 02 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

**Ruling on Motion for Recusal of the Hon. Janet B. Arterton and the Hon. Holly B. Fitzsimmons [Doc. # 15]**

Plaintiff's recusal motion is based on the futility of his efforts to obtain judicial relief in a timely fashion. While plaintiff's criticism of the Court's delay is well-founded, such case management failure does not provide a basis for judicial recusal. Recusal is required "in any proceeding in which [a judicial officer's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The determination of bias "should be made on the basis of conduct extrajudicial in nature as distinguished from conduct within a judicial context." In re International Business Machines Corp., 618 F.2d 923, 928 (2d Cir. 1980) (quotation omitted). Because plaintiff has not provided a basis for concluding that the Court acted deliberately, intentionally or maliciously in its delay in ruling on plaintiff's claim, there are no grounds for disqualification. Recusal is appropriate to avoid the appearance of partiality; it is not to be used merely to avoid the burdens imposed by a case. See Wright, Miller & Cooper, Federal Practice and Procedure, §3549 (2d Ed. 1984) at

1

623 (Section 455(a) "should not be used by judges to avoid sitting on difficult or controversial cases.") (quoting S. Rep. No. 93-419, at 5 (1973)).

Accordingly, plaintiff's Motion for Recusal [Doc. # 15] is denied.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 15th day of March 2004.