FILED

2004 APR 14 P 4:10

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT       <u>EX PARTE</u>

ANTHONY TORRES,              Civil Action No.
      Plaintiff,             3:03-CV-696
                             (JBA)(JGM)

v.

"John" TROMBLY, et al,
      Defendants             April 8, 2004

## MOTION FOR EX PARTE ORDER DIRECTING THE DEFENDANTS TO PRESERVE AND MAINTAIN VIDEOTAPES

The plaintiff hereby moves this court for an order directing the defendants to preserve and maintain the below described

EX PARTE

policy also threaten to take disciplinary action if a prisoner refuses to comply with the new policy.

2. On April 6 and 7, 2004, the defendants had provided the plaintiff legal standing to sue the defendants and other prison employees for additional causes of action when they retaliated against the plaintiff for refusing to wear his T-shirt in his cell when the medication was being dispensed by issuing two administrative disciplinary infractions. A detail account of the incident is attached to this motion for the court's examination. The incident of April 6 and 7, 2004 were both caught on videotape by the prison fix security cameras.

3. Upon the plaintiff's exhaustion of his state administrative remedies on or before July 30, 2004, the plaintiff

will seek leave from this court to amend his complaint, or the alternative, to file a new lawsuit, to include the constitutional violations that had recently taken place on April 6 and 7, 2004 as described in the attached document.

    4. However, according to Matthew B. Beizer, Assistant Attorney General, who submitted a sworn affidavit in a pending civil action, <u>TORRES v. VISCOMI, et al</u>, 3:03-CV-796 (SRU)(WIG), U.S. District Court for the District of Connecticut, dated March 12, 2004, had stated that "The fixed camera videotapes at (sic) Northern Correctional Institution are erased and re-recorded every thirty days on a rotational system."

    5. Therefore, based on Mr. Beizer's sworn statement, the videotapes of April 6 and 7, 2004 will erase, automatically, on May 6 and 7, 2004 respectively.

-4-

6. The plaintiff needs those videotapes for physical evidence in this very TROMBLY civil action the moment the complaint is amended after receiving leave from the court or he will need the videotapes in a separate contemplated federal civil action if such an option is taken.

7. The plaintiff, therefore, moves this court, ex parte, to order the defendants to preserve and maintain the videotapes caught by the fix security cameras at the Northern Correctional Institution (NCI) - One East Housing Unit (One-East), for the dates and time-period as described **below**:

   a. April 6, 2004 between the hours of 7:00AM and 11:00AM. Videotape coverage of Cell #215 in NCI- One East;

-5-

    b. April 7, 2004 between the hours of 7:00AM and 11:00AM. Videotape coverage of Cell #215 in NCI-One East.

    8. The plaintiff's unable to financially afford the service of a subpoena for those videotapes and will need to obtain those videotapes through the discovery process after the amending of the complaint or through the commencement of a new civil action.

    WHEREFORE, the plaintiff seeks this court to grant this order in the interest of justice.

Dated: April 8, 2004         Respectfully submitted,

_Anthony Torres_
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box-665
Somers, CT 06071

## CERTIFICATION

This is to certify that a true copy of the above motion was mailed, postage prepaid, on this 8th day of April 2004, pursuant to Rule-5(b) of the FRCP, to Henri Alexandre and Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

_Anthony Torres_
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-7-

TO: UNIT MANAGER, One East Housing Unit

## CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM


COPY

HOUSING UNIT: (I) II III   (EAST) or WEST   Cell # 215
(Circle One)

**THIS MEMO CONSIST OF 14-PAGES**

Date: 4/7/04

Inmate Name: ANTHONY TORRES   Number: 246027

Request: Pursuant to the mandatory federal requirements to exhaust state administrative remedies under the Prison Litigation Reform Act, Title 42 U.S.C. 1997e(a), prior to the commencement of a lawsuit under the

(Continue on back if necessary)

(cont. on next page) →

Submitted to: _____ Date Received: _____

Acted on by: _____

Action taken and/or response: _____

Date of Response to Inmate: _____

Signature of Staff Member: _____

NCI 050 (Revised 03-19-01)

ATTACHMENT


(COPY)

Civil Rights Act, Title 42 U.S.C. 1983, 1985(3) and 1986, I hereby demand monetary damages, as listed below, for the intentional, malicious and wanton acts of the deprivation of my protected federal constitutional rights against the following state DOC prison and UCONN employees: DEBBIE KINDNESS, B.K. JONES, Lt. SCOTT SALIUS, STEPHEN REYNOLDS and JEFFREY DUCLOS.

Deprivation of Protected Constitutional Rights in Violation of Title 42 U.S.C. 1983; Conspiracy in the Deprivation of Protected Constitutional Rights in Violation of Title 42 U.S.C. 1985(3) and Aiding and Abetting and/or Failure to Prevent the Deprivation of Protected Constitutional Rights in Violation of Title 42 U.S.C. 1986

-2-

TORRES v. TRUMBLY et.l  3:03-CIV-696



within my protected constitutional rights not to wear a T-shirt while confined in my cell.

C.O. Jones then inquired from Nurse Kindness if she still wanted to provide me with the medication. She stated "Yes." Jones then stepped away to a blind spot, at a 45° angle from the celldoor window, which physically prevented Jones from viewing me inside the cell. The sliding trap door was opened and Kindness handed me the medication in a paper cup which I promptly swallowed. Upon swallowing the medication, I immediately provided Kindness an adequate view of the inside of my mouth to confirm that I had swallowed the medication as required. I then handed back Kindness' empty medication paper cup. I then return to my bed.

-4-

Upon returning to my bed, Kindness fabricated and orchestrated a false claim (and faking a conversation exchange with me) that she was not provided an adequate view of the inside of my mouth. Nurse Kindness had full knowledge that her claim was false, or she should have known that such a claim was in fact bogus. (This scheme to falsely claim that a specific prisoner did not swallow his medication is widely and commonly used by Kindness and other NCI nurses for the sole purpose of retaliation and harassment upon an inmate when a hostile and vindictive environment exist between the nurse and that specific prisoner).

Both C.O. Jones and Kindness slowly stepped away from my cell door and I clearly overheard Kindness egg Jones to issue a DOC-Disciplinary Report

-5-

against me ~~~~~~~~~~~~~
and for allegedly not allowing her to adequately view the inside of my mouth


(COPY)

that I had prevented Nurse Kindness from viewing the inside of my mouth after taking the medication.

Within three (3) minutes thereafter, pursuant to the direction of Lt. Scott Salius and two prison employees, Stephen Reynolds and Jeffrey Duclos, instructed me to approach the cell door to be handcuffed to conduct a retaliatory cell search under the pretext of seeking to locate any alleged medication that was not swallowed. They found none. This described cell search by Salius, Reynolds and Duclos was an unconstitutional retaliatory act for my refusal to wear a T-shirt in my cell when the medication was being dispensed by Kindness. Additionally, the very act was the direct and/or proximate cause of that conspiracy among Salius, Reynolds, Duclos, Jones

-7-


(COPY)

and Kindness to deprive me of my protected constitutional rights.

Several hours later, I was served with two bad-faith and retaliatory <u>DOC-Disciplinary Reports</u> issued by C.O. Jones. One of the <u>Reports</u> which alleges "Interfering With Safety or Security" contain a false account of the incident. C.O. Jones knew, or he should have known, that the account was indeed false in that report and had committed that falsification intentionally, maliciously, and wantonly for the sole purpose of retaliating against me for freely exercising my federal constitutional rights.

The second <u>Disciplinary Report</u> accuses me of "Disobeying a Direct Order." That specific <u>Report</u> was issued in retaliation against me for

-8-



freely exercising my federal constitutional rights to freely chose not to wear a T-shirt while locked inside my cell. At all times prior to the issuance of these two Reports, C.O. Jones had full and complete knowledge of the pending federal litigation in TORRES v. TROMBLY, et al., involving the issue of wearing T-shirts in the cells when medication was being dispensed and he also knew that Nurse Kindness was, in fact, a defendant in that pending lawsuit.

## Preservation of Security Videotapes

I demand the immediate preservation of any and all security videotapes from the fix ceiling cameras facing Cell #215 of the NCI-One East Housing Unit covering the dates

-9-

(COPY)

of April 6 and 7, 2004, between the hours of 7:00AM through 11:00 AM of each of those dates. Failure to preserve those videotapes, or the intentional destruction of that physical evidence, will prompt me to move the court to enter a default judgment in the lawsuit in my favor against each of the DOC prison and UCONN employees for the full monetary amount of the lawsuit.

## Demand for Monetary Relief

A. Title 42 U.S.C. 1983, 1985(3) and 1986.

For the unconstitutional conducts by DEBBIE KINDNESS, B.K. JONES, Lt. SCOTT SALIUS, STEPHEN REYNOLDS and JEFFREY DUCLOS,

-10-


(COPY)

as described in Pages -1 through 9 above, I demand compensatory damages against each of them, jointly and severally, in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and I further demand punitive damages against each of them, jointly and severally, in the amount of ONE MILLION TWO HUNDRED THOUSAND ($1,200,000.00) DOLLARS.

B. <u>Connecticut General Statutes – Execution of Personal Assets and Wage Garnishment Upon Judgment.</u>

For the unconstitutional conducts by DEBBIE KINDNESS, B.K. JONES, Lt. SCOTT SALIUS, STEPHEN REYNOLDS and JEFFREY DUCLOS, as described in Pages -1 through 9 above, and upon

-11-



## Involuntary Rejection and/or Refusal to Accept Any and All Future Medication Dispensed By Debbie Kindness

Effective April 8, 2004, I will involuntarily reject and/or refuse to accept any and all medication being dispensed personally by Debbie Kindness due to her ongoing unconstitutional conduct as described in Pages - 1 through 9 above. The medical nurse supervisor has been instructed by me to have a substitute nurse to provide me with the medication. If the NCI medical supervisor and their medical staff refuses to comply with this demand, I shall hold those responsible for personal liability for monetary damages, in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, for each and every single day that I am

-13-

(COPY)

compelled to involuntarily reject and/or refuse the medication.

cc: Henry Alexandre and Steven R. Strom, Asst. Attorney General.
<u>TORRES v. TROMBLY, et al.</u>
3:03-CV-696 (JBA)(JGM)

Copy one (1)

-14-