FILED
2004 APR 16 P 1:10
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,            : Civil Action No.
    Plaintiff,             : 3:03-CV-696
                             (JBA)(JGM)

    v.                     :

"John" TROMBLY, et al.,    :
    Defendants.              April 12, 2004
                           :

## PLAINTIFF'S MOTION TO STAY THE DEFENDANTS' MOTION TO DISMISS

The plaintiff moves this court to stay the defendants' Motion to Dismiss to permit him the opportunity to exhaust his state administrative remedies to file a Third Amended Complaint to specifically

include supplemental causes-of-action, several additional civil counts and to add several new defendants to this pending suit on the grounds that multiple constitutional violations had recently occurred on April 6 and 7, 2004 that are directly connected to this very civil action.

The plaintiff will abandon the failure to act claim in his <u>Writ of Mandamus</u> which is currently before the United States Court of Appeals for the Second Circuit and he will not seek the enforcement of the time-schedule that was issued or suggested by the Second Circuit on the adjudication of the final judgment or resolution of pending matters before the District Court. In support of this motion the plaintiff submits the following facts:

1. On March 4, 2004, the District Court had issued their ruling on the plaintiff's motion for a temporary restraining order and preliminary injunction (Doc #8). In that ruling the court had justified the denial of the plaintiff's <u>Rule-65</u> application with statements that pointed to the premature legal nature of the <u>Rule-65</u> motion. The specific legal justifications used by the courts are no longer valid due to several events that had taken place between the plaintiff and the defendants on April 6 and 7, 2004. A detail account of those events are provided in a 14-page attachment to the plaintiff's <u>Motion for Ex Parte Order Directing the Defendants to Preserve and Maintain Videotapes</u> which was filed on or about April 8, 2004 with this court.

2. On or about March 16, 2004, the plaintiff notified the District Court of his intention of challenging the defendants' implementation of a new written policy requiring the plaintiff, and other prisoners at his place of confinement, to wear their T-shirts while in their prison cells receiving their medication from the prison nurses. This new policy was recently created by the defendants in direct response to the plaintiff's above-captioned civil action. The notification to this court was contain in the <u>Plaintiff's Request For Issuance of A Writ of Habeas Corpus Ad Testificandum</u> with an attachment for the court's examination.

3. All of the above described documents, filed with this court, will show that the plaintiff had been subjected to retaliatory acts committed

-4-

by the defendants and other prison employees in direct connection to the very constitutional issues that are presented in the <u>Second Amended Complaint</u> and his <u>Rule-65</u> motion with its accompanied papers which was denied by this court on various grounds that are no longer legally valid due to the events of April 6 and 7, 2004.

4. The plaintiff should be given an opportunity to incorporate his additional <u>Section-1983</u> claims with this pending civil action. It would not make any economical sense to compel the plaintiff to file a separate civil action with the federal courts to cover these new claims when such claims are directly connected to this very civil action. The defendants' pending <u>Motion to Dismiss</u>, filed on March 18, 2004, should not

-5-

prevent this court an opportunity to review that motion in conjunction with the new April 6 and 7, 2004 events that will be incorporated in the upcoming <u>Third Amended Complaint</u> because all the legal circumstances of the plaintiff's claims have now been substantially modified and the court should not rule on the <u>Motion to Dismiss</u> when the facts have now shifted.

5. On or about March 26, 2004, the plaintiff filed a motion for an extension of time to file his memorandum in opposition to the defendants' motion to dismiss. The plaintiff had sought an April 23, 2004 deadline. However, due to the new events of April 6 and 7, 2004, as described above, the plaintiff needs additional time to respond.

-6-

6. The plaintiff will abandon the <u>Writ of Mandamus</u> which is before the U.S. Court of Appeals for the Second Circuit, Docket No. 03-3131, by not seeking the enforcement of that time-schedule proposed by the Second Circuit for the district court to act. By doing so, the plaintiff is releasing any duty of the District Court to adjudicate the pending matters by the May 19, 2004 deadline.

7. The plaintiff proposes the following new time-schedule to adjudicate any <u>Motion to Dismiss</u> submitted by the defendants or any other time-schedule deem reasonable by the District Court:

July 30, 2004 - For the plaintiff to exhaust his state administrative remedies pertaining to the new incidents of April 6 and 7, 2004.

August 31, 2004 - For the plaintiff to file his Third Amended Complaint.

October 29, 2004 - For the new additional defendants to file an Appearance.

November 30, 2004 - For the defendants to file an Amended Motion to Dismiss — if they wish to do so.

December 21, 2004 - For the plaintiff to file his memorandum in opposition to the Amended Motion to Dismiss.

-8-

8. The plaintiff does not seek this stay of the defendants' *Motion to Dismiss* to cause an unjust delay in this preceeding and the plaintiff does not believe that the defendants will be prejudice by the stay.

9. The plaintiff is unable to ascertain the defendants' position on this motion to stay due to his incarceration.

WHEREFORE, the plaintiff respectfully seek this court to grant this motion to stay the defendants' *Motion to Dismiss* for the time period proposed by the plaintiff in the interest of justice.

Dated: April 12, 2004   Respectfully submitted,

*Anthony Torres*
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

## CERTIFICATION

This is to certify that a true copy of the above motion was mailed, postage prepaid, on this 12th day of April 2004, pursuant to Rule-5(b) of the FRCP, to Henri Alexandre and Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

*Anthony Torres*
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-10-