UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| ANTHONY TORRES | : | CIVIL NO. 3:03CV696 (JBA)(JGM) |
|---|---|---|
| v. | : | |
| "JOHN" TROMBLEY, ET AL. | : | APRIL 28, 2004 |

## OBJECTION TO PLAINTIFF'S MOTION TO STAY DEFENDANTS' MOTION TO DISMISS

The plaintiff seeks to stay the defendants' motion to dismiss so that he can exhaust his administrative remedies and file a third amended complaint. He states that he would abandon any failure to act in accordance with the Second Circuit's ruling on the Writ of Mandamus. The defendants object to the plaintiff's motion to stay the defendants' motion to dismiss for the reasons set forth below.

The plaintiff sought a Writ of Mandamus from the United States Court of Appeals for the Second Circuit ordering the District court to rule on his motion for temporary restraining order and preliminary injunction and to decide his 42 U.S.C. § 1983 complaint. In a mandate issued February 20, 2004, the Court of Appeals ordered the District Court to rule on the plaintiff's motion for temporary restraining order and preliminary injunction within fourteen (14) days and to enter final judgment on the merits of the plaintiff's complaint within ninety (90) days. On February 25, 2004, the defendants filed their objection to the plaintiff's motion for temporary restraining order and preliminary injunction. On March 4, 2004, the Court ruled denying the plaintiff's motion for temporary restraining order and preliminary injunction.

On March 19, 2004, the defendants filed a motion to dismiss the plaintiff's second amended complaint. The plaintiff had until April 9, 2004, to file a response to the motion. On April 5, 2004, the plaintiff filed a motion for extension of time until April 23, 2004, to respond to the defendants' motion to dismiss. On April 16, 2004, he filed a motion to stay the defendants' motion to dismiss. On April 19, 2004, he filed a motion for extension of time until December 21, 2004 to file a response to the defendants' motion to dismiss.

The plaintiff seeks the stay in order to exhaust his administrative remedies, file a third amended complaint with new claims which allegedly arose on April 6 and 7, 2004, and to add new defendants.

Under the "law of the case" doctrine "where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." United States v. Fernandez, 506 F.2d 1200, 1202 (2d Cir. 1974) (citation and internal quotation marks omitted). In such cases, we retain the authority to ensure that our mandate is not misconstrued and is given effect. See In re Ivan F. Boesky Sec. Litig., 957 F.2d 65, 69 (2d Cir. 1992); Carroll v. Bliken, 42 F.3d 122, 126 (2d Cir. 1994). "Indeed, because the district court has no discretion in carrying out the mandate, the appellate court retains the authority to determine whether the terms of the mandate have been scrupulously and fully carried out." In re Ivan F. Boesky Sec. Litig., 957 F.2d at 69 (citation and internal quotation marks omitted).
Stagl v. Delta Air Lines, 117 F.3d 76, 79-80 (2d Cir. 1997).

In the present case, the plaintiff proposes to have this court disregard the mandate of the Court of Appeals, which he himself sought. The plaintiff who had been adamant about having

2

his case decided, now seeks to delay adjudication of his second amended complaint by filing a third amended complaint with allegedly new claims and defendants. These new claims allegedly arose on April 6 and 7, 2004, almost a year after the original complaint was filed. This court is bound by the Court of Appeals' mandate and should execute it as ordered. The present defendants have filed their motion to dismiss addressing the merit of the plaintiff's complaint. They will be prejudiced if they have to defend new allegations involving new defendants. Moreover, the plaintiff alleges that he has not yet exhausted his administrative remedies involving the new claims. Presumably, the administrative remedies may offer the plaintiff the relief is he seeking thereby obviating the need for further litigation of the issues.   Delaying a ruling on the defendants' motion to dismiss under such circumstances is not warranted.

    For the foregoing reasons, the defendants respectfully request that the court deny the plaintiff's motion for a stay of the defendants' motion to dismiss.

DEFENDANTS
"JOHN" TROMBLEY
RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Henri Alexandre
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05412
E-Mail:  Henri.alexandre@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

2

Case 3:03-cv-00696-JBA    Document 42    Filed 04/29/2004    Page 4 of 5

# **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 28th day of April 2004:

Anthony Torres #246027
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

                                                                                                                               _____
Henri Alexandre
Assistant Attorney General