UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY 12 A 10: 58
U.S. DISTRICT COURT
BRIDGEPORT, CONN

ANTHONY TORRES,
    Plaintiff,

v.

"John" TRUMBLY, et al.,
    Defendants.

Civil Action No.
3:03-CV-696
(JBA)(JGM)

May 6, 2004

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

The plaintiff, Anthony Torres, is a prisoner confined at the Northern Correctional Institution, had filed his Section 1983 seeking injunctive and monetary relief for the defendants' violation of his various protected constitutional rights.

The core of the plaintiff's claims involves retaliatory acts by some of the

defendants and the failure by the high-ranking prison officials, security and medical, to properly supervise their employees.

The defendants' arguments that the lack of physical injury bars monetary damages. <u>That argument is nonsense</u>. The plaintiff is entitled to collect monetary damages when it can be proven that a protected constitutional right had been infringed upon. Physical injury alone is <u>not</u> a requirement for damages. Therefore, the defendants' motion to dismiss should be denied.

<u>Statement of Facts</u>

It would not serve any purpose for the plaintiff to repeat the events of March 16, 2003 and thereafter. The <u>Second Amended Complaint</u> is vivid, even though one of the

defendants, Patricia Wollenhaupt, recently made an unwise attempt to deceitfully cover-up the March 16, 2003 incident in her affidavit which was filed with this court. The plaintiff has shown through his subsequent filed request with this court that the Wollenhaupt affidavit is based on perjury and the exhibits attached to the last amended complaint clearly shows that perjury had been committed by Wollenhaupt.

A majority of the defendants arguments for dismissal is meritless and the plaintiff should not counter those arguments when the <u>Second Amended Complaint</u> is legally sufficient on its face.

The plaintiff's core issue is the wearing of his T-shirt when the medication is being dispensed while he's inside his locked

cell. An issue that never existed for the nurses since 1999 when the plaintiff first came to the Northern prison. The defendants cannot demand a prisoner to wear his T-shirt while he's in his prison cell. It was not a problem for the defendants since 1999 through March 15, 2003. All of the sudden, one of the defendants decided to become confrontational to impress his girlfriend about the issue without providing any evidence that the institution's security or its inmate safety is being threaten. If the court allows this type of unconstitutional conduct, whereas a prisoner is not able to determine what is a rule today and then tomorrow allow the defendants to modify the custom at whim; what you will have is a prison being administered by circus clowns, agitating prisoners, causing a dangerous

-4-

setting and imposing a chilling affect among prisoners.

Simply because the plaintiff challenge Defendant Debbie Kindness and "John" Trombly's scheme of a rule that doesn't exist – they retaliated by denying the plaintiff his medication and other acts that are described in the complaint. <u>Physical injury is irrelevant.</u> The constitution was violated when the retaliatory act took place when the plaintiff stood his ground and demanded the defendants to produce evidence of the existence of such a ridiculous prison rule concerning the T-shirt. When they were caught off-guard in their lie – they retaliated by using the medication as a weapon. What the defendants are actually arguing before this court is that the

abuse of prisoner at the Northern jail should not be question by the federal courts. A pathetic assertion that should be disregarded by this court.

## THE PLAINTIFF'S CLAIMS ARE NOT BARRIED BY 42 U.S.C. 1997e(e)

The withholding of the plaintiff's medication for his <u>serious</u> high blood pressure for one day or more is in fact unconstitutional if the plaintiff can present evidence at trial that the withholding of the medication was in fact in direct connection to his exercise of his constitutional rights to disregard an order by prison officials that has no legitimate security, safety or penological interest. To permit the defendants to play their stupid games

with a prisoners' medication cannot be tolerated by the federal courts.

The circumstances described in <u>Porter v. Coombe</u>, 1999 U.S. Dist. LEXIS 11924, 1999 WL 587896, at *2 (S.D.N.Y. Aug. 4, 1999) filed by the defendants in their motion, does not describe the seriousness of a patient with serious high blood pressure as Mr. Torres' case. <u>Porter</u> does not apply here at all. <u>Again, the issue before this court is the retaliatory act itself.</u>

PLAINTIFF'S EXHAUSTION OF HIS ADMINISTRATIVE REMEDIES WAS EXECUTED PROPERLY UNDER THE EMERGENCY PROVISIONS IN THE PRISON DIRECTIVES

    The exhibits attached to the <u>Second Amended Complaint</u> clearly shows that the plaintiff exhausted his emergency state administrative remedies pursuant to <u>DOC-Administrative Directive - 9.6(3)(A)(3) and 9.6(18)(C)</u>. See Attachment-B of the <u>Second Amended Complaint</u>. The plaintiff invoked the emergency provisions because the plaintiff was in serious need of his high blood medication to counter any deterioration of his health if the defendants had continued with the withholding of the medication.

    It is irrelevant if their threat to

continue the withholding the medicine was genuine or not. The very fact that they used the T-shirt issue as a lame excuse to withhold the medication which inflicted fear of further withholding qualifies the plaintiff to invoke the emergency prisoners of the 9.6 directive as a precautionary measure to prevent harm to his health by seeking court intervention at the early stages of the conflict. The plaintiff <u>does not</u> have to wait until his health to deteriorate before invoking the emergency provision.

    The problem here is that the arrogant defendants does not recognize the emergency provision of 9.6(3)(A)(3) because its inconvenient for them to do so when there are 475 prisoners at Northern. The prison administration loves to show-off to the general public their agency's directives, but fails to

put the written words of those directives into practice. <u>The attached affidavit of Anthony Torres provides the court a comprehensive picture of his exhaustion of the state administrative remedy in this civil action – not that it needs it. But this court is directing the plaintiff to do so. The Second Amended Complaint speaks for itself.</u>

### THE PLAINTIFF WITHDRAWS HIS SECTION 1985(3) CLAIMS

The plaintiff withdraws any and all claims within the complaint pertaining to Section 1985(3) and stand solely on his claims under <u>Section 1983</u>.

-10-

## THE SECOND CIRCUIT HAS RECOGNIZE A PRISONER'S RIGHT TO BE FREE FROM RETALIATION

The Second Amended Complaint and sworn affidavits in the court file describes in great detail the retaliatory nature of Defendant Trombly and Kindness directed at the plaintiff. As early as 1976, the Second Circuit had recognized that retaliatory conduct by prison officials towards inmates, who exercise their constitutional rights to petition the government for redress of grievances was a prohibited act is recoverable under Title 42 U.S.C. 1983. See Lazoda v. Maggy, 900 F.Supp. 596 (N.D. NY 1995); Smith v. O'Connor, 901 F.Supp. 644 (S.D. NY 1995); Herrera v. Scully, 815 F.Supp. 713 (S.D. NY 1993); Rodriguez v. Coughlin, 795 F.Supp. 609 (W.D. NY 1992) and

Franco v. Kelly, 854 F.2d 584 (1988).

Other acts of retaliation against prisoners which are viewed as unconstitutional in the Second Circuit: Giannattasio v. Artuz, 2000 U.S. Dist. LEXIS 3907 (U.S.D.C.-SDNY); Haynes v. Squillace, 143 F.3d 653 at 657 (2d Cir. 1988); Graham v. Henderson, 89 F.3d 75 at 79 (2nd Cir. 1996) and Colon v. Coughlin, 58 F.3d 865 at 872 (2d Cir. 1995).

In Franco v. Kelly, supra, the case involves the conduct of a prison official who allegedly infringed on the plaintiff's substantive constitutional rights through acts of retaliation. The Second Circuit had ruled that the prisoners Complaint did "implicate his broader right to petition (the) government for redress of grievances..." 854 F.2d 584 at 589. See also Haymes v. Montanya, 547 F.2d 188

-12-

at 191 (2d Cir. 1976), cert. denied, 431 U.S. 967 (1977); <u>California Motor Transport Co. v. Trucking Unlimited</u>, 404 U.S. 508 at 510 (1972) and <u>Burton v. Livingston</u>, 791 F.2d 97 at 100-01 (8th Cir. 1986). The wrongful denial of the plaintiff's medication and his denial of showers in clear retaliation for his refusal to wear a T-shirt in his cell and/or submitting administrative complaints against Trombly's unconstitutional conduct directed at the plaintiff, if proven, would entitled the plaintiff to the relief he seeks.

## THE DEFENDANTS ARE NOT BEING SUED FOR MONETARY DAMAGES IN THEIR OFFICIAL CAPACITIES

The plaintiff will not dwell on the defendants' arguments. Their is absolutely <u>no</u> indication in the <u>Second Amended Complaint</u> that supports their assertion that the plaintiff is seeking monetary damages in their official capacities.

## CONCLUSION

Any and all arguments presented by the defendants in their memorandum of law is meritless except for the claims under <u>Section 1985(3)</u> which was an error in part of the plaintiff. It appears that the defendants are using any worthless and irrelevant argument they can find to cloud the issue that is before the court. For

those very reasons given above, the defendants motion to dismiss should be denied. However, the plaintiff will not pursue his <u>Section 1985(3)</u> claims and stands on his <u>Section 1983</u> claims in their entirety.

Dated: May 6, 2004         Respectfully submitted,

                           /s/ Anthony Torres
                           _____
                           ANTHONY TORRES #246027
                           (Pro Se Plaintiff)
                           Northern Correctional Institution
                           287 Bilton Road
                           Post Office Box-665
                           Somers, CT 06071

## CERTIFICATION OF SERVICE

This is to certify that a true copy of the above memorandum of law was mailed, postage prepaid, on this 6th day of May 2004, pursuant to Rule-5(b) of the FRCP, to Henri Alexandri and Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

Anthony Torres
ANTHONY TORRES #24602
(Pro Se Plaintiff)