2004 ⬚⬚ 19 P 3:28

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
Plaintiff,

v.

"John" TROMBLY, et al,
Defendants.

:
:
:
:
:
:
:

Civil Action No.
3:03-CV-696
(JBA)(JGM)

October 15, 2004

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY, RULE-37(a) OF FRCP

## Introduction

This memorandum is submitted by the plaintiff as required under Rule-9(d)(3) of the Local Rules in support of his motion to compel discovery which was directed

at the defendants, "John" Trombly and Debbie Kindness on August 12, 2004. The defendants had failed to respond or object to the discovery request without any explanations and the plaintiff is now force to apply for an order from this court pursuant to <u>Rule - 37(a) of the Federal Rules of Civil Procedure.</u>

## Nature of the Case

The lawsuit alleges that the defendants, Trombly and Kindness, had withheld his medication for his serious high blood pressure in retaliation for his refusal to wear his T-shirt while he was locked in his own cell. The plaintiff also claims that both defendants then maliciously fabricated, altered and manipulated (prison records and medical files to cover-up their unconstitutional

- 2 -

conduct. The lawsuit seeks declaratory, injunctive and monetary relief.

On August 12, 2004, the plaintiff directed his discovery at both defendants. Both defendants completely ignored the plaintiff's discovery request even when the plaintiff made a written request on September 19, 2004 seeking compliance. Please examine the discovery request attached to the accompanied affidavit/declaration for both defendants. Attachment-A and B. See also plaintiff's follow-up letter. Attachment-C.

The following items directed to the defendants in their discovery request should be allowed:

1. "John" TROMBLY (See Attachment -A to affidavit).

A. By Way of Interrogatories

1. State correctly your first name, middle initial and surname as exactly and currently shown on your motor vehicle driver's license.

* The answer to this interrogatory is admissible at trial and should be allowed.

2. State the exact date (month, date and year) when you first began your employment with the Connecticut State - Department of Correction (DOC). (Do not base your answer by your recollection or memory - use DOC official documents only, as your source).

* The answer to this interrogatory is admissible at trial and should be allowed.

- 4 -

3. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number two.

* The document(s) used by the defendant as his source, is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

4. State the exact date (month, date and year) when you first began your DOC assignment at the Northern Correctional Institution (NCI) at 287 Bilton Road, Somers, Connecticut. (Do not base your answer by your recollection or memory, - use DOC official documents only as your source).

* The answer to this interrogatory is admissible at trial and should be allowed.

-5-

5. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number four.

* The document(s) used by the defendant as his source is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

6. As to the matter of evidence on propensity in prior and subsequent acts, were you ever, during the period of January 1, 1995 through the present date that you are providing answers to these interrogatories, accused by another inmate and/or had been disciplined by the DOC for misconduct regardless if the allegations were substantiated or not? (Restrict your answer to a "Yes" or "No" only).

— 6 —

\* The answer to this interrogatory is admissible evidence at trial for the purpose of showing a propensity in prior and subsequent acts and to use for impeachment purposes at trial.

7. If your answer to the previous interrogatory number six is in the affirmative, please state the inmate I.D. number, the full date(s) of each alleged incident with a full and detail description of the allegation adjacent to the inmate(s) name.

\* The answer to this interrogatory is admissible evidence at trial for the purpose of showing a propensity in prior and subsequent acts and to use for impeachment purposes at trial.

8. State correctly the first name, middle initial, and surname of each and every correctional officer that was assigned to the NCI - One East Housing Unit on March 16, 2003 during the First-Shift hours of 7:00AM through 3:00PM. (Do not base your answer by your recollection or memory — use DOC official documents only as your source).

* The answer to this interrogatory is admissible at trial and should be allowed.

9. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number eight.

* The document(s) used by the defendant as his source is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

-8-

10. Did any DOC and/or NCI written rule or policy ever existed on March 16, 2003 that required a NCI inmate to wear a T-shirt or other upper body garment while the NCI nurse was dispensing medication to that inmate while he was confined in his own cell. (Restrict your answer to a "Yes" or "No" only).

* The answer to this interrogatory is admissible at trial and should be allowed.

11. If your answer to the previous interrogatory number ten is in the affirmative, please describe and identify in full detail the written document(s), rules and/or policy that was in place on March 16, 2003 pertaining to the matter described in the previous interrogatory number ten.

\* The answer to this interrogatory is admissible at trial and should be allowed.

12. Were you assigned to the NCI - One East Housing Unit on March 16, 2003 during the First-Shift (7:00AM through 3:00PM)? (Restrict your answer to a "Yes" or "No" only).

\* The answer to this interrogatory is admissible at trial and should be allowed.

13. Please examine Attachment - G to the Second Amended Complaint dated September 16, 2003. Attachment - G is an Inmate Grievance Form - A, Level - One (Line Emergency) dated March 16, 2003 consisting of 3-pages which was written by the plaintiff and submitted to Lt. Gargiulo, Correctional Supervisor at the NCI. On the lower portion of Page - 1 of Attachment - G, Lt. Gargiulo, on March 16, 2003, had

-10-

wrote and alleged that the plaintiff:

"... did not receive (his) medication due to (Torres') refusal to follow lawful orders from Officer Trumbly."

Was the plaintiff denied his medication for refusing to follow a "lawful" order that you had issued as described by Lt. Gangiulo in Attachment — G? (Restrict your answer to a "Yes" or "No" only).

\* The answer to this interrogatory is admissible at trial and should be allowed.

14. If your answer to the previous interrogatory number thirteen is in the affirmative, please describe in full and exact details the alleged "lawful orders" you had issued to the

plaintiff, which allegedly was not complied with by the plaintiff, which directly prevented the plaintiff from receiving his medication as described by Lt. Gargiolo in Attachment - G in the <u>Second Amended Complaint</u>.

* The answer to this interrogatory is admissible at trial and should be allowed.

15. State the full name (first name, middle initial and surname) of the nurse (s) who had attempted to dispense medication to the plaintiff on March 16, 2003 during the First-Shift (7:00AM through 3:00PM). <u>(Do not base your answer by your recollection or memory — use DOC official documents only as your source)</u>.

* The answer to this interrogatory is admissible at trial and should be allowed.

-12-

16. Describe and identify, in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number fifteen.

* The document(s) used by the defendant as his source is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

(Inspection and/or Examination Needed)

B. By Way of Production and Inspection

1. A true copy of any and all documents pertaining to answer of interrogatory number:

    a). three above;
    b). five above;
    c). nine above;
    d). eleven above; and
    e). sixteen above.

-13-

* The document(s) used by the defendant as his sources in 1(a) through 1(e) above is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

2. A true copy of any and all all NCI - One East Activity Sheet(s) disclosing the inmates' full names (first name and surname), inmate I.D. numbers, and all housing number assignments covering the period of March 15, 16 and 17, 2003. This request applies to the First, Second and Third-Shifts of each of those three separate days. Each and every single page of these documents must be correctly dated.

* The documents requested above will lead to inmate witnesses that are needed at trial to substantiate the plaintiff's allegations in the amended complaint and to be used to identify

-14-

rebuttal witnesses. Therefore, it should be allowed.

3. A true copy of any and all all NCI One East Tier Sheet(s) disclosing the inmates' full names (first name and surname), inmate ID numbers and cell housing number assignments covering the period of March 15, 16 and 17, 2003. This request applies to the First, Second and Third Shifts of each of those three separate days. Each and every single page of these documents must be correctly dated.

* The document(s) requested above will lead to inmate witnesses that are needed at trial to substantiate the plaintiff's allegations in the amended complaint and to be used to identify rebuttal witnesses. Therefore, it should be allowed.

4. A true copy of the entire NCI-One East Housing Unit log books which contains any and all log entries of March 15, 16 and 17, 2003. NOTE: This request also covers the entire book binder of the log which contains the March 15, 16 and 17, 2003 entries. The true copies of the entire log book binder and its pages are needed to assist the plaintiff, as one of several procedures that are necessary to follow, to determine the authenticity of the log book and/or to determine if the log book had been intentionally altered.

* The document(s) requested above is admissible evidence at trial and should be allowed.

5. A true copy of any and all incident reports concerning the plaintiff dated March 15, 16 and 17, 2003 of any party in this civil action concerning this lawsuit or its subject matter.

* The document(s) requested above is admissible evidence at trial and should be allowed.

6. A true copy of any and all videotapes of any party in this civil action concerning this lawsuit or its subject matter.

* The document(s) requested above is admissible evidence at trial and should be allowed.

7. A true copy of any and all non-priviledged statements and documents, as defined in Rule-26(b)

-17-

of the Federal Rules of Civil Procedure, of any party in this civil action concerning this lawsuit or its subject matter. Please also note Rule J-39 of the Local Rules.

\* The document(s) requested above is admissible evidence at trial and should be allowed.

2. DEBBIE KINDNESS (See Attachment-B to affidavit).

A. By Way of Interrogatories

1. State correctly your first name, middle initial and surname as exactly and currently shown on your motor vehicle driver's license.

\* The answer to this interrogatory is admissible at trial and should be allowed.

-18-

2. State the exact date (month, date and year) when you first began your employment with the Connecticut State - Correctional Managed Health Care - University of Connecticut Health Center (UCONN - Health Center). (Do not base your answer by your recollection or memory - use UCONN - Health Center official documents only as your source).

* The answer to this interrogatory is admissible at trial and should be allowed.

3. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number two.

* The document(s) used by the defendant as her source is admissible at trial and it may lead to other admissible

-19-

evidence. Therefore, it should be allowed.

    4., State the exact date (month, date and year) when you first began your UCONN-Health Center assignment at the Northern Correctional Institution (NCI) at 287 Bilton Road, Somers, Connecticut. (Do not base your answer by your recollection or memory — use UCONN-Health Center official documents only as your source).

✳ The answer to this interrogatory is admissible at trial and should be allowed.

    5. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number four.

- 20 -   .

＊ The document(s) used by the defendant
as her source is admissible at trial
and it may lead to other admissible
evidence. Therefore, it should be
allowed.

6. As to the matter of evidence
on propensity in prior and subsequent
acts, were you ever, during the period
of January 1, 1995 through the
present date that you are providing
answer to these interrogatories, accused
by another inmate and/or had been
disciplined by the UCONN-Health
Center for misconduct regardless, if
the allegations were substantiated or
not? (Restrict your answer to a
"Yes" or "No" only).

＊ The answer to this interrogatory is
admissible evidence at trial for/the
purpose of showing a propensity in

- 21 -

prior and subsequent acts and to use for impeachment purposes at trial.

7. If your answer to the previous interrogatory number six is in the affirmative, please state the inmate(s) full name, his or her inmate I.D. number, the full date(s) of each alleged incident with a full and detail description of the allegations adjacent to the inmate(s) name.

\* The answer to this interrogatory is admissible evidence at trial for the purpose of showing a propensity in prior and subsequent acts and to use for impeachment purposes at trial.

8. State correctly the first name, middle initial and surname of each and every nurse that was assigned and/or on duty at the NCI on March 15, 16 and 17, 2003, and adjacent to their names, please provide the exact time, hour they began their shift duties at the NCI and the exact time-hour they had ended their shift duties at the NCI. (Do not base your answer by your recollection or memory - use UCONN-Health Center official documents only as your source).

* The answer to this interrogatory is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

-23-

9. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number eight.

* The document(s) used by the defendant as her source is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

10. Did any Connecticut State — Department of Correction (DOC) and/or NCI written rule or written policy ever existed on March 15, 16 and 17, 2003 that required a NCI inmate to wear a T-shirt or other upper body garment while the medical nurse at the NCI was dispensing medication to that inmate while he was confined in

-24-

his own cell. (Restrict your answer to a "Yes" or "No" only).

\* The answer to this interrogatory is admissible at trial and should be allowed.

11. If your answer to the previous interrogatory number ten is in the affirmative, please describe and identify in full detail the written document(s), rules and/or policy that was in place on March 15, 16 and 17, 2003 pertaining to the matter described in the previous interrogatory number ten.

\* The answer to this interrogatory is admissible at trial and the information may lead to other admissible evidence. Therefore, it should be allowed.

-25-

12. Were you assigned to dispensed the inmates' medication in the NCI - One East Housing Unit on March 16, 2003 during the hours of 7:00AM through 11:59AM? (Restrict your answer to a "Yes" or "No" only and do not base your answer by your recollection or memory, - use UCONN-Health Center official documents only as your source)

\* The answer to this interrogatory is admissible at trial and should be allowed.

13. If your answer to the previous interrogatory, number twelve is in the affirmative, please describe and identify, in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number twelve.

\* The answer to this interrogatory is admissible, at trial and the information may lead to other admissible

-26-

evidence. Therefore, it should be allowed.

14. If your answer to interrogatory number twelve is in the affirmative, did you attempt to dispense medication to the plaintiff during that date and time period as described in interrogatory number "twelve? (Restrict your answer to a "Yes" or "No" only).

\* The answer to this interrogatory is admissible at trial and should be allowed.

15. If your answer to interrogatory number fourteen is in the affirmative, did the plaintiff receive his medication? (Restrict your answer to a "Yes" or "No" only).

\* The answer to this interrogatory is admissible at trial and should be allowed.

-27-

16. If your answer to interrogatory number twelve is in the negative, state the full name (first name, middle initial and surname) of the nurse who was assigned to dispensed the inmates' medication in the NCI-One East Housing Unit on March 16, 2003 during the hours of 7:00AM through 11:59AM? (Do not base your answer by your recollection or memory — use UCONN-Health Center official documents only as your source).

\* The answer to this interrogatory is admissible at trial and should be allowed.

17. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number sixteen.

\* The document(s) used by the defendant

-28-

as her source is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

18. If your answer to interrogatory number fifteen is in the negative, please describe in full detail the reason and/or justification that directly caused the plaintiff not to receive his medication when you had made an attempt to provide it and disclose the full names of each and every individual that was present and/or participated in the withholding of the medication from the plaintiff on March 16, 2003.

\* The answer to this interrogatory is admissible at trial and should be allowed.

19. If your answer to interrogatory number twelve is in the negative, state the full name of the nurse who had provided the plaintiff his medication on March 16, 2003 and disclose the time-hour it was provided if the plaintiff did in fact receive his medication on that specific date. (Do not base your answer by your recollection or memory — use UCONN-Health Center official documents only as your source).

* The answer to this interrogatory is admissible at trial and should be allowed.

20. Describe and identify, in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number nineteen.

* The document(s) used by the defendant as her source is admissible at trial and

-30-

it may lead to other admissible evidence. Therefore, it should be allowed.

21. Please examine Attachment - G to the <u>Second Amended Complaint</u> dated September 16, 2003. Attachment - G is an <u>Inmate Grievance Form - A, Level - One (Line Emergency)</u> dated March 16, 2003 consisting of 3-pages which was written by the plaintiff and submitted to Lt. Gargiulo, Correctional Supervisor at the NCI. On the lower portion of Page - 1 of Attachment - G, Lt. Gargiulo, on March 16, 2003, had wrote to the plaintiff:

"Inmate Torres. I checked with medical staff and was informed that you refused your medication today (16 March 2003) and was shown paperwork documenting that fact. Medical

-31-

staff is aware of the fact that you did not receive your medication due to your refusal to follow lawful orders from Officer Trombly."

To the best of your knowledge, are you aware of the UCONN - Health Center "paperwork" and/or documents that Lt. Gargiulo refers to that would support the above written statement he had made? (Restrict your answer to a "Yes" or "No" only).

* The answer to this interrogatory is admissible at trial and should be allowed.

22. If your answer to interrogatory number twenty-one above is in the affirmative, describe and identify, in full detail, the UCONN - Health Center "paperwork" and/or documents that Lt. Gargiulo refers to that would support

his written statement.

* The document(s) and/or "paperwork" described and identified by the defendant in this interrogatory is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

23. Disclose the full name (first name, middle initial and surname) of the UCONN-Health Center correctional head nurse(s) who was on duty at the NCI on March 16, 2003 during the hours of 7:00 AM through 11:59 AM.

* The answer to this interrogatory is admissible at trial and should be allowed.

24. Disclose the full name (first name, middle initial and surname) of the UCONN-Health Center correctional head

-33-

nurse(s) who was on duty at the NCI on March 16, 2003 during the hours of 3:00 PM through 11:5-9 PM.

* The answer to this interrogatory is admissible at trial and should be allowed.

25. If you have provided an answer to interrogatory number twenty-three and/or twenty-four above, please describe and identify, in full detail, the document(s) you had used as the source of your answer.

* The document(s) used by the defendant as her source is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

-34-

B. <u>By Way of Production</u>

1. A true copy of any and all documents pertaining to the answer in interrogatory number:

a). three above;
b). five above;
c). nine above;
d). eleven above;
e). thirteen above;
f). sixteen above;
g). twenty above;
h). twenty-two above; and
i). twenty-five above.

\* The document(s) used by the defendant as her sources in 1(a) through 1(i) above is admissible at trial and it may lead to other admissible evidence. Therefore, it should be allowed.

2. A true copy of any and all UCONN-Health Center documents which discloses the full name (first name and surname), I.D. number, cell assignment and time-hour of dispensing of each and every inmate that received and/or was scheduled to receive medication in the NCI- One East Housing Unit on March 15, 16 and 17, 2003.

✳ The document(s) requested above will lead to inmate witnesses that are needed at trial to substantiate the plaintiff's allegations in the amended complaint and to be used to identify rebuttal witnesses. Therefore, it should be allowed.

3. A true copy of any and all UCONN-Health Center documents which pertains to the plaintiff's alleged refusal of his medication dated March 15, 16 and/or 17, 2003.

-36-

\* The document(s) requested above is admissible evidence at trial.

4. A true copy of any and all documents which pertains to the plaintiff covering the period of January 1, 1996 through the current date of which this request for production is responded to which are contain in his medical and psychiatric records. This request includes, but not limited to:

a). UCONN-Health Center medical and psychiatric records involving diagnosis and/or treatment;

b). medication KARDEX Cards and/or CARDEX Cards with dates and time-hour of such medication being dispensed and the identity of the dispensing nurse;

c). alcohol and/or drug abuse information;

d). third party diagnosis, treatments and/or hospitalizations, including any and all outside consults;

e). request forms and/or letters written by the plaintiff and their responses;

f). medical/health grievance processes;

g). internal medical memorandums/communications among UCONN-Health Center staff, employees, doctors, nurses, APRNs and/or representatives.

NOTE: An administrative request for a copy of the above documents was attempted by the plaintiff in July 2003 and his request for a waiver of copy fees were both wrongfully rejected by the UCONN-Health Center at the NCI by verbal means. The medical staff refused to provide a written rejection. Due to the verbal rejection and the plaintiff's allegations that the medical staff at the NCI are involved in the criminal and unconstitutional altering, manipulation and/or the falsifying of the entries in the plaintiff's medical files — the plaintiff will hereby construe any direct delivery of such files to him from UCONN-Health Center personnel as an act of non-compliance to this discovery request for production of documents. ANY AND ALL RECORDS/DOCUMENTS FROM UCONN-HEALTH CENTER PERTAINING

TO THIS DISCOVERY REQUEST MUST BE DELIVERED TO THE PLAINTIFF EXCLUSIVELY AND SOLELY VIA UNITED STATES POSTAL SERVICES DIRECTLY FROM DEFENSE COUNSEL ONLY.

\* The document(s) requested above is admissible evidence at trial if the plaintiff decides at that time to present all or partial of these documents as an exhibit.

5. A true copy of any and all UCONN-Health Center documents pertaining to their policy in the dispensing of medication to inmates within the DOC covering the period of January 1, 1995 through the current date of the defendant's

-40-

response to this discovery request for production of documents.

✳    The document(s) requested above is admissible evidence at trial.

6. A true copy of any and all non-priviledged statements and documents, as defined in Rule-26(b) of the Federal Rules of Civil Procedure, of any party in this civil action concerning this lawsuit or its subject matter. Please also note Rule-39 of the Local Rules.

✳    The document(s) requested above is admissible evidence at trial and may lead to other information that may be used as evidence.

## CONCLUSION

In conclusion, the plaintiff had submitted in good-faith his discovery directed at the two defendants. The discovery request is reasonable and does not impose any burdens upon the defendants to comply with the request. Therefore, the plaintiff is entitled to an order compelling the defendants to answer each of the interrogatories and to produce the documents being sought.

Dated: October 15, 2004

THE PLAINTIFF,

Anthony Torres

ANTHONY TORRES #246027
(Pro Se)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

-42-

CERTIFICATION

This is to certify that this memorandum of law was mailed, postage prepaid, on this 15th day of October 2004, pursuant to Rule-5(b) of the FRCP, to Henri Alexandre and Steven R. Strom, Asst. Attorney General, Office of the Attorney General. 110 Sherman Street, Hartford, CT 06105.

ANTHONY TORRES #246027
(Pro Se Plaintiff)