UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
        Plaintiff,

v.

"John" TROMBLY, et al.,
        Defendants.

Civil Action No.
3:03-CV-696
(JBA)(JGM)

October 15, 2004

# AFFIDAVIT/DECLARATION OF ANTHONY TORRES

I, ANTHONY TORRES, being duly sworn, deposes and says:

1. I am the plaintiff pro se prisoner in the above-captioned civil action and, I submit this sworn affidavit/declaration pursuant to Rule-37(a) of the FRCP, in support of my

accompanied motion to compel discovery upon each of the two named defendants.

2. On August 12, 2004, I had directed my First Set of Interrogatories and First Set of Request for Production at Defendant "John" Trombly and Debbie Kindness. See Attachment - A and B. Each of the discovery propounded upon the defendants does or could lead to evidence which is admissible at trial in connection to my civil rights claims described in my last filed amended complaint.

3. When I received no response or objection to my discovery by September 19, 2004, I wrote to both defense counsel seeking compliance to my discovery request. See Attachment - C. As of the date of this very affidavit/declaration, I have not received a reply to my September 19, 2004 letter.

-2-

4. Defense counsel's office had for several years now have imposed a policy of not accepting telephone calls from a prisoner pro se plaintiff and that office, the state Attorney General - Department 7, have directed the Department of Correction to strictly prohibit prisoners, pro se parties, from telephoning their law office.

5. It is not possible to resolve the discovery issues with defense counsel when my very correspondence is being maliciously ignored.

6. Therefore, I need the intervention of the District Court to force compliance upon the two defendants within the scope of the discovery rules or I will be wrongfully blocked from the admissible evidence being sought.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on the 15th day of October 2004.

Respectfully submitted,

Anthony Torres

ANTHONY TORRES # 246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

<u>CERTIFICATION</u>

This is to certify that a true copy of the above affidavit/declaration was mailed, postage prepaid, on this <u>15th</u> day of October 2004, pursuant to <u>Rule-5(b)</u> <u>of the FRCP</u>, to Henri Alexandre and Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

ANTHONY TORRIES #246027
(Pro Se Plaintiff)



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,                    Civil Action No.
        Plaintiff,              :  3:03-CV-696
                                   (JBA)(JGM)

        v.                      :

"John" TROMBLY, et al,          :
        Defendants.                August 12, 2004
                                :

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUEST FOR PRODUCTION DIRECTED AT DEFENDANT "John" TROMBLY

Pursuant to Rule-33 of the Federal Rules of Civil Procedure, the plaintiff hereby propounds the following interrogatories to be answered by

ATTACHMENT-A

(COPY)

the, defendant, "John" TROMBLY, under oath, within thirty (30) days after the date of certification of service, insofar as the disclosure sought will be of assistance in the prosecution of this action and can be provided by Defendant Trombly with substantially greater facility than could otherwise be obtain. _Please note Rule -39 of the Local Rules._ Additionally, please use a separate sheet for your answers.

## BY WAY OF INTERROGATORIES

1. State correctly your first name, middle initial and surname as exactly and currently shown on your motor vehicle driver's license.

ANSWER:

(COPY)

2. State the exact date (month, date and year) when you first began your employment with the Connecticut State - Department of Correction (DOC). (Do not base your answer by your recollection or memory - use DOC official documents only as your source).

ANSWER:

3. Describe and identify, in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number two.

ANSWER:

(COPY)

4. State the exact date (month, date and year) when you first began your DOC assignment at the Northern Correctional Institution (NCI) at 287 Bilton Road, Somers, Connecticut. (Do not base your answer by your recollection or memory — use DOC official documents only as your source).

ANSWER:


5. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number four.

ANSWER:


-4-

(COPY)

6. As to the matter of evidence on propensity in prior and subsequent acts, were you ever, during the period of January 1, 1995 through the present date that you are providing answers to these interrogatories, accused by another inmate and/or had been disciplined by the DOC for misconduct regardless if the allegations were substantiated or not? (Restrict your answer to a "Yes" or "No" only).

ANSWER:

7. If your answer to the previous interrogatory number six is in the affirmative, please state the inmate I.D. number, the full date(s) of each alleged incident with a full and detail description of the allegations adjacent to the inmate(s) name.

-5-

(COPY)

ANSWER:


8. State correctly the first name, middle initial and surname of each and every correctional officer that was assigned to the NCI-One East Housing Unit on March 16, 2003 during the First-Shift hours of 7:00 AM through 3:00 PM. (Do not base your answer by your recollection or memory — use DOC official documents only as your source).

ANSWER:


9. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number eight.

ANSWER:

COPY

10. Did any DOC and/or NCI written rule or policy ever existed on March 16, 2003 that required a NCI inmate to wear a T-shirt or other upper body garment while the NCI nurse was dispensing medication to that inmate while he was confined in his own cell. (Restrict your answer to a "Yes" or "No" only).

ANSWER:


11. If your answer to the previous interrogatory number ten is in the affirmative, please describe and identify in full detail the written document(s), rules and/or policy that was in place on March 16, 2003 pertaining to the matter described in the previous interrogatory number ten.

(COPY)

ANSWER:


    12. Were you assigned to the NCI - One East Housing Unit on March 16, 2003 during the First-Shift (7:00 AM through 3:00 PM)? (Restrict your answer to a "Yes" or "No" only).

ANSWER:


    13. Please examine Attachment - G to the Second Amended Complaint dated September 16, 2003. Attachment - G is an Inmate Grievance Form - A, Level - One (Line Emergency) dated March 16, 2003 consisting of 3-pages which was written by the plaintiff and submitted to Lt. Gargiulo, Correctional Supervisor at the NCI. On the lower portion of Page-1 of

-8-

(COPY)

Attachment — G, Lt. Gargiolo, on March 16, 2003, had wrote and alleged that the plaintiff:

"... did not receive (his) medication due to (Torres') refusal to follow lawful orders from Officer Trombly."

Was the plaintiff denied his medication for refusing to follow a "lawful" order that you had issued as described by Lt. Gargiolo in Attachment — G? (Restrict your answer to a "Yes" or "No" only).

ANSWER:

14. If your answer to the previous interrogatory number thirteen is in the affirmative, please describe in full and exact details the alleged

(COPY)

"lawful orders" you had issued to the plaintiff, which allegedly was not complied with by the plaintiff, which directly prevented the plaintiff from receiving his medication as described by Lt. Gargiulo in Attachment-G in the Second Amended Complaint.

ANSWER:


15. State the full name (first name, middle initial and surname) of the nurse(s) who had attempted to dispense medication to the plaintiff on March 16, 2003 during the First-Shift (7:00 AM through 3:00 PM). (Do not base your answer by your recollection or memory - use DOC official documents only as your source).

ANSWER:


- 10 -



16. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number fifteen.

ANSWER:

Dated: August 12, 2004

THE PLAINTIFF,

Anthony Torres

ANTHONY TORRES #246027
(Pro Se)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

COPY

I hereby certify, under penalty of perjury, that I have reviewed the above <u>Interrocatories</u> and responses thereto, and that they are true and accurate to the best of my ability and knowledge.

"John" TROMBLY, Defendant

Subscribed and sworn to before me this _____ day of _____, 2004.

Notary Public

T

COPY

Pursuant to Rule-34 of the Federal Rules of Civil Procedure, the plaintiff hereby request that the defendant, "John" L. TROMBLY, provide him with true copies of the documents described in the following request for production within thirty (30) days after the date of certification of service of this request.

Furthermore, the plaintiff hereby request the opportunity, pursuant to Rule-34, to inspect and/or examine the original documents described in the following request for production, to be executed on Thursday, September 30, 2004, at 8:30 AM at the One East Housing Unit, Northern Correctional Institution, 287 Bilton Road, Somers, Connecticut.

This inspection and/or examination is necessary to determine the authenticity of the original documents

-13-

(COPY)

being requested and the plaintiff will need a minimum of two (2) hours, to complete the inspection in the physical presence of defense counsel. The plaintiff will require the true copies of the documents atleast fifteen (15) days prior to the execution of the inspection and/or examination of the original documents and the plaintiff must have unrestrictive leeway to conduct his inspection to detect any possible forgery.

## BY WAY OF PRODUCTION

1. A true copy of any and all documents pertaining to answer of interrogatory number:

-14-

COPY

a). three above;
b). five above;
c). nine above;
d). eleven above; and
e). sixteen above.

2.  A true copy of any and all NCI-One East Activity Sheet(s) disclosing the inmates' full names (first name and surname), inmate I.D. numbers, and cell housing number assignments covering the period of March 15, 16 and 17, 2003. This request applies to the First, Second and Third Shifts of each of those three separate days. Each and every single page of these documents must be correctly dated.

3.  A true copy of any and all NCI-One East Tier Sheet(s), disclosing the inmates' full names

(COPY)

(first name and surname), inmate
ID numbers and cell housing number
assignments covering the period
of March 15, 16 and 17, 2003.
This request applies to the First,
Second and Third-Shifts of each
of those three separate days.
Each and every single page of
these documents _must_ be correctly
dated.

4. A true copy of the entire
NCI-One East Housing Unit log
books which contains any and all
log entries of March 15, 16 and
17, 2003. NOTE: This request
also covers the entire book binder
of the log which contains the
March 15, 16 and 17, 2003 entries.
The true copies of the entire log
book binder and its pages, are
needed to assist the plaintiff, as
one of several procedures that are
necessary to follow, to determine

-16-

COPY

the authenticity of the log book and/or to determine if the log book had been intentionally altered.

5. A true copy of any and all incident reports concerning the plaintiff dated March 15, 16 and 17, 2003 of any party in this civil action concerning this lawsuit or its subject matter.

6. A true copy of any and all videotapes of any party in this civil action concerning this lawsuit or its subject matter.

7. A true copy of any and all non-priviledged statements and documents, as defined in Rule-26(b) of the Federal Rules of Civil Procedure, of any party in this civil action concerning this lawsuit or its subject matter. Please also note Rule-39 of the Local Rules.

-17-

( COPY )

Dated: August 12, 2004

THE PLAINTIFF,

~Anthony Torres~

ANTHONY TORRES #246027
(Pro Se)
Northern Correctional Institution
287 Bilton Road
Post Office Box-665
Somers, CT 06071

COPY

## CERTIFICATION

This is to certify that this discovery request, <u>Plaintiff's First Set of Interrogatories and First Set of Request for Production</u> Directed at Defendant "John" Trombly, was mailed, postage prepaid, on this 12th day of August, 2004, to Henri Alexandre and Steven R. Strom, Assistant Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

_____
ANTHONY TORRES #246027
(Pro Se Plaintiff)



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANTHONY TORRES,
Plaintiff,

v.

"John" TROMBLY, et al.,
Defendants.

Civil Action No.
3:03-CV-696
(JBA)(JGM)

August 12, 2004

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUEST FOR PRODUCTION DIRECTED AT DEFENDANT DEBBIE KINDNESS

Pursuant to Rule-33 of the Federal Rules of Civil Procedure, the plaintiff hereby propounds the following interrogatories to be answered by

ATTACHMENT-B

COPY

the defendant, DEBBIE KINDNESS, under oath, within thirty (30) days after the date of certification of service, insofar as the disclosure sought will be of assistance in the prosecution of this action and can be provided by Defendant Kindness with substantially greater facility than could otherwise be obtain. Please note Rule-39 of the Local Rules. Additionally, please use a separate sheet for your answers.

## BY WAY OF INTERROGATORIES

1. State correctly your first name, middle initial and surname as exactly and currently shown on your motor vehicle driver's license.

ANSWER:

-2-

K

(COPY)

2. State the exact date (month, date and year) when you first began your employment with the Connecticut State - Correctional Managed Health Care - University of Connecticut Health Center (UCONN-Health Center). (Do not base your answer by your recollection or memory - use UCONN-Health Center official documents only as your source).

ANSWER:


3. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number two.

ANSWER:

(COPY)

4. State the exact date (month, date and year) when you first began your UCONN-Health Center assignment at the Northern Correctional Institution (NCI) at 287 Bilton Road, Somers, Connecticut. (Do not base your answer by your recollection or memory - use UCONN-Health Center official documents only as your source).

ANSWER:

5. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number four.

ANSWER:

COPY

6. As to the matter of evidence on propensity in prior and subsequent acts, were you ever, during the period of January 1, 1995 through the present date that you are providing answer to these interrogatories, accused by another inmate and/or had been disciplined by the UCONN - Health Center for misconduct regardless if the allegations were substantiated or not? (Restrict your answer to a "Yes" or "No" only).

ANSWER:

7. If your answer to the previous interrogatory number six is in the affirmative, please state the inmate(s) full name, his or her inmate I.D. number, the full date(s) of each alleged incident with a full and detail description of the allegations adjacent to the inmate(s) name.

- 5 -

$$COPY$$

ANSWER:

    8.  State correctly the first name, middle initial and surname of each and every nurse that was assigned and/or on duty at the NCI on March 15, 16 and 17, 2003, and adjacent to their names, please provide the exact time hour they began their shift duties at the NCI and the exact time-hour they had ended their shift duties at the NCI. (Do not base your answer by your recollection or memory - use UCONN-Health Center official documents only as your source).

ANSWER:

COPY

9. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number eight.

ANSWER:


10. Did any Connecticut State - Department of Correction (DOC) and/or NCI written rule or written policy ever existed on March 15, 16 and 17, 2003 that required a NCI inmate to wear a T-shirt or other upper body garment while the medical nurse at the NCI was dispensing medication to that inmate while he was confined in his own cell. (Restrict your answer to a "Yes" or "No" only).

ANSWER:


-7-

(COPY)

11. If your answer to the previous interrogatory number ten is in the affirmative, please describe and identify in full detail the written document(s), rules and/or policy that was in place on March 15, 16 and 17, 2003 pertaining to the matter described in the previous interrogatory number ten.

ANSWER:


12. Were you assigned to dispensed the inmates' medication in the NCI-One East Housing Unit on March 16, 2003 during the hours of 7:00AM through 11:59AM? (Restrict your answer to a "Yes" or "No" only and do not base your answer by your recollection or memory - use UCONN-Health Center official documents only as your source).

(COPY)

ANSWER:

13. If your answer to the previous interrogatory number twelve is in the affirmative, please describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number twelve.

ANSWER:

14. If your answer to interrogatory number twelve is in the affirmative, did you attempt to dispense medication to the plaintiff during that date and time period as described in interrogatory number twelve? (Restrict your answer to a "Yes" or "No" only).

ANSWER:

K

(COPY)

15. If your answer to interrogatory number fourteen is in the affirmative, did the plaintiff receive his medication? (Restrict your answer to a "Yes" or "No" only).

ANSWER:


16. If your answer to interrogatory number twelve is in the negative, state the full name (first name, middle initial and surname) of the nurse who was assigned to dispensed the inmates' medication in the NCI- One East Housing Unit on March 16, 2003 during the hours of 7:00AM through 11:59AM? (Do not base your answer by your recollection or memory - use UCONN-Health Center official documents only as your source).

ANSWER:

- 10 -

COPY

17. Describe and identify in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number sixteen.

ANSWER:


18. If your answer to interrogatory number fifteen is in the negative, please describe in full detail the reason and/or justification that directly caused the plaintiff not to receive his medication when you had made an attempt to provide it and disclose the full names of each and every individual that was present and/or participated in the withholding of the medication from the plaintiff on March 16, 2003.

ANSWER:


-11-

K

COPY

19. If your answer to interrogatory number twelve is in the negative, state the full name of the nurse who had provided the plaintiff his medication on March 16, 2003 and disclose the time-hour it was provided if the plaintiff did in fact receive his medication on that specific date. (Do not base your answer by your recollection or memory — use UCONN-Health Center official documents only as your source).

ANSWER:

20. Describe and identify, in full detail, the document(s) you had used as the source of your answer in the previous interrogatory number nineteen.

ANSWER:

K

- 12 -

COPY

21. Please examine Attachment - G to the Second Amended Complaint dated September 16, 2003. Attachment - G is an Inmate Grievance Form - A, Level - One (Line Emergency) dated March 16, 2003 consisting of 3-pages which was written by the plaintiff and submitted to Lt. Gargiulo, Correctional Supervisor at the NCI. On the lower portion of Page - 1 of Attachment - G, Lt. Gargiulo, on March 16, 2003, had wrote to the plaintiff:

"Inmate Torres. I checked with medical staff and was informed that you refused your medication today (16 March 2003) and was shown paperwork documenting that fact. Medical staff is aware of the fact that you did not receive your medication due to your

- 13 -

K



refusal to follow lawful orders from Officer Trombly."

To the best of your knowledge, are you aware of the UCONN-Health Center "paperwork" and/or documents that Lt. Gargiulo refers to that would support the above written statement he had made? (<u>Restrict</u> your answer to a "Yes" or "No" only).

ANSWER:

22.   If your answer to interrogatory number twenty-one above is in the affirmative, describe and identify in full detail, the UCONN-Health Center "paperwork" and/or documents that Lt. Gargiulo refers to, that would support his written statement.

COPY

ANSWER:


23. Disclose the full name (first name, middle initial and surname) of the UCONN-Health Center correctional head nurse(s) who was on duty at the NCI on March 16, 2003 during the hours of 7:00AM through 11:59AM.

ANSWER:


24. Disclose the full name (first name, middle initial and surname) of the UCONN-Health Center correctional head nurse(s) who was on duty at the NCI on March 16, 2003 during the hours of 3:00PM through 11:59PM.

ANSWER:


K

COPY

25. If you have provided an answer to interrogatory number twenty-three and/or twenty-four above, please describe and identify in full detail, the document(s) you had used as the source of your answer.

ANSWER:

Dated: August 12, 2004

THE PLAINTIFF,

Anthony Torres

ANTHONY TORRES # 246027
(Pro Se)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT  06071

- 16 -

(COPY)

I hereby certify, under penalty of perjury, that I have reviewed the above _Interrogatories_ and responses thereto and that they are true and accurate to the best of my ability and knowledge.

DEBBIE KINDNESS, Defendant

Subscribed and sworn to before me this _____ day of _____, 2004.

Notary Public

K

COPY

Pursuant to Rule - 34 of the Federal Rules of Civil Procedure, the plaintiff hereby request that the defendant, DEBBIE KINDNESS, provide him with true copies of the documents described in the following request for production within thirty (30) days after the date of certification of service of this request.

BY WAY OF PRODUCTION

1. A true copy of any and all documents pertaining to the answer in interrogatory number:

    a). three above;
    b). five above;
    c). nine above;
    d). eleven above;

-18-

(COPY)

e). thirteen above;
f). sixteen above;
g). twenty above;
h). twenty-two above; and
i). twenty-five above.

2. A true copy of any and all UCONN-Health Center documents which discloses the full name (first name and surname), I.D. number, cell assignment and time-hour of dispensing of each and every inmate that received and/or was scheduled to receive medication in the NCI-One East Housing Unit on March 15, 16 and 17, 2003.

3. A true copy of any and all UCONN-Health Center documents which pertains to the plaintiff's alleged refusal of his medication dated March 15, 16 and/or 17, 2003.

-19-



4. A true copy of any and all documents which pertains to the plaintiff covering the period of January 1, 1996 through the current date of which this request for production is responded to which are contain in his medical and psychiatric records. This request includes, but not limited to:

a). UCONN-Health Center medical and psychiatric records involving diagnosis and/or treatment;

b). medication KARDEX Cards and/or CARDEX Cards with dates and time-hour of such medication being dispensed and the identity of the dispensing nurse;

(COPY)

c). alcohol and/or drug abuse information;

d). third party diagnosis, treatments and/or hospitalizations, including any and all outside consults;

e). request forms and/or letters written by the plaintiff and their responses;

f). medical/health grievance processes;

g). internal, medical memorandums/communications among UCONN-Health Center staff, employees, doctors, nurses, APRNs and/or representatives.

-21-

COPY

**NOTE:** An administrative request for a copy of the above documents was attempted by the plaintiff in July 2003 and his request for a waiver of copy fees were both wrongfully rejected by the UCONN-Health Center at the NCI by verbal means. The medical staff refused to provide a written rejection. Due to the verbal rejection and the plaintiff's allegations that the medical staff at the NCI are involved in the criminal and unconstitutional altering, manipulation and/or the falsifying of the entries in the plaintiff's medical files — the plaintiff will hereby construe any direct delivery of such files to him from UCONN-Health Center personnel as an act of non-compliance to this discovery request for production of documents! ANY AND ALL RECORDS/DOCUMENTS FROM UCONN-HEALTH CENTER

K

(COPY)

PERTAINING TO THIS DISCOVERY
REQUEST MUST BE DELIVERED
TO THE PLAINTIFF EXCLUSIVELY
AND SOLELY VIA UNITED
STATES POSTAL SERVICES
DIRECTLY FROM DEFENSE
COUNSEL ONLY.

5. A true copy of any and
all UCONN-Health Center documents
pertaining to their policy in the
dispensing of medication to inmates
within the DOC covering the
period of January 1, 1995 through
the current date of the defendant's
response to this discovery request
for production of documents.

6. A true copy of any and all
non-priviledged statements and documents,
as defined in Rule-26(b) of the
Federal Rules of Civil Procedure, of
any party in this civil action concerning

-23-

(COPY)

this lawsuit or its subject matter.
Please also note Rule 39 of
the Local Rules.


Dated: August 12, 2004

                THE    PLAINTIFF,
                Anthony Torres
        ANTHONY   TORRES #246027
            (Pro Se)
        Northern Correctional Institution
        287 Bilton Road
        Post Office Box - 665
        Somers, CT  06071

(COPY)

## CERTIFICATION

This is to certify that this discovery request, Plaintiff's First Set of Interrogatories and First Set of Request For Production Directed at Defendant Debbie Kindness, was mailed, postage prepaid, on this 12th day of August, 2004, to Henri Alexandre and Steven R. Strom, Assistant Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

Anthony Torres

ANTHONY TORRES #246027
(Pro Se Plaintiff)

-25-

K



Anthony Torres #246027
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

September 19, 2004

Henri Alexandre and Steven R.
    Strom, Asst. Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

RE:   TORRES vs. TROMBLY, et al.
      3:03-CV-696 (JBA)(JGM)

Dear Ms. Alexandre and Mr. Strom:

        Back on August 12, 2004, I had
served you by mail my first set of
interrogatories and request for production
of documents directed at Defendant
"John" Trombly, and also Debbie Kindness.
The time-period under the discovery rules

ATTACHMENT- C

Copy

Alexandre and Strom, AAG                    September 19, 2004
Page - 2 of 2

for your response have elapsed. You have
not requested an extension of time, nor
have I received any objections to my
discovery request.

   If I do not receive a response
to my discovery request by October 1,
2004, I will initiate a motion to
compel with the District Court thereafter.

               Sincerely yours,

cc: Copy one (1)