FILED

2005 JAN -3 P 4: 33

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EX PARTE

ANTHONY TORRES,
    Plaintiff,

v.

"John" TROMBLY, et al.,
    Defendants.

Civil Action No.
3:03-CV-696
(JBA)(JGM)

December 24, 2004

## MOTION FOR EX PARTE ORDER DIRECTING THE DEFENDANTS TO PRESERVE AND MAINTAIN VIDEOTAPES

The plaintiff hereby moves this court for an order directing the defendants to preserve and maintain

EX PARTE

the below described security videotapes in the matter of the plaintiff's intent to commence an additional federal lawsuit in connection to the above-captioned civil action. In support of this motion the plaintiff submits the following facts:

1. On December 13, 20 and 23, 2004, the medical personnel at the Northern prison compound, and including high-ranking UCONN-Health Center employees, had provided the plaintiff with additional legal standing to sue when the plaintiff was denied his medication on those dates. Each of the three incidents were caught on videotape by the prison fix security cameras.

2. On December 1, 5, 6, 7 and 8, 2004, DOC personnel at the Northern prison compound, and including high-ranking DOC employees had provided the plaintiff with additional

-2-

legal standing to sue when the plaintiff was the target of additional acts of unconstitutional retaliation committed by Defendant "John" Trombly and by other DOC personnel in direct connection to the civil rights claims in the above-captioned action. Each of these incidents were caught on videotape by the prison fix security cameras.

3. Upon the plaintiff's exhaustion of his state administrative remedies on or before April 15, 2005, the plaintiff will commence a lawsuit in the United States District Court to cover the above described constitution violations.

4. However, according to Matthew B. Beizer, Assistant Attorney General, who submitted a sworn affidavit in a pending civil action, TORRES v. VISCOMI, et al., 3:03-CV-796 (SRU)(WIG), U.S. District Court for the District of Connecticut, dated March 12, 2004, had

-3-

stated that "The fixed camera videotapes at (sic) Northern Correctional Institution are erased and re-recorded every thirty days on a rototional system."

5. Therefore, based on Mr. Beizer's sworn statement, the videotapes of December 1, 5, 6, 7, 8, 13, 20, and 23, 2004, will erase, automatically, on December 31, 2004, January 4, 5, 6, 7, 12, 19 and 22, 2004 respectively.

6. The plaintiff needs those videotapes for physical evidence in the upcoming civil action the moment the case is filed with the federal court.

7. The plaintiff, therefore, moves this court, ex parte, to order the defendants to preserve and maintain the videotapes caught by the fix security cameras at the Northern Correctional Institution (NCI) - One East Housing Unit (One-East) and

-4-

One West Housing Unit (One-West) for the dates and time-periods as described below:

December 1, 2004 beginning at the hour of 6:30AM of December 1, 2004 through 3:00PM of December 2, 2004 for a total of 32½-hours of videotape coverage of Cell #219 in the NCI-One East;

December 5, 6, 7 and 8, 2004 beginning at the hour of 6:30AM of December 5, 2004 through 11:00PM of December 9, 2004 for a total of 112½-hours of videotape coverage of Cell# 208 in the NCI-One West;

December 13, 2004 beginning at the hour of 6:30AM of December 13, 2004 through 2:30PM of December 14, 2004 for a total of 32-hours of videotape

-5-

coverage of Cell #208 in the NCI- One West;

<u>December 20, 2004</u> beginning at the hour of 6:30 AM of December 20, 2004 through 2:30 PM of December 21, 2004 for a total of 32-hours of videotape coverage of Cell #208 in the NCI- One West;

<u>December 23, 2004</u> beginning at the hour of 6:30 AM of December 23, 2004 through 2:30 PM of December 24, 2004 for a total of 32-hours of videotape coverage of Cell #208 in the NCI- One West.

8. The plaintiff is unable to financially afford the service of a subpoena for those videotapes and

-6-

will need to obtain those videotapes through the discovery process after the commencement of a new civil action.

    WHEREFORE, the plaintiff seeks this court to grant this *ex parte* motion in the interest of justice.

Dated: December 24, 2004

Respectfully submitted,

Anthony Torres

ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box-665
Somers, CT  06071

-7-

CERTIFICATION

This is to certify that a true copy of the above ex parte motion was mailed, postage prepaid, on this 24th day of December 2004, pursuant to Rule-5(b) of the FRCP to Henri Alexandre and Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

*Anthony Torres*
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-8-