FILED
2005 FEB -9 P 12: 47
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,            :   Civil Action No.
    Plaintiff              :   3:03-CV-696
                               (JBA)(JGM)
        v.                 :

"John" TROMBLY, et al,     :
    Defendants                 February 3, 2005
                           :

PLAINTIFF'S OBJECTION AND
MOTION FOR DISTRICT COURT
REVIEW OF MAGISTRATE RULING
OF EX PARTE MOTIONS

Pursuant to Rule-2 of the Local Rules for Magistrate Judges the plaintiff moves this court for review of the U.S. Magistrate's ruling on various ex parte motions which was rendered on January 24, 2005 regarding the preservation

and maintenance of security videotapes at the Northern Correctional Institution (NCI). This motion for review is being presented on the grounds that the U.S. Magistrate's ruling is inconsistent or in conflict with the ruling of the presiding judge's previous ruling in this civil action involving such preservation and maintenance of videotapes. In support of this motion the plaintiff provides the following facts:

1. On January 24, 2005 Magistrate Judge Joan G. Margolis ruled on the plaintiff's various ex parte motions concerning the preservation and maintenance of security videotapes at the NCI. The ex parte motions are Documents ## 45, 49, 50, 51, 53, 54, 55, 57, 58 and 60. Each of those motions submitted by the plaintiff was denied by Magistrate Margolis.

-2-

2. On April 23, 2004, this court in their endorsement order (paragraph-1), in connection to motion doc #35 had granted the plaintiff's motion to preserve and maintain security videotapes. Now, however, Magistrate Margolis on January 24, 2005 renders a ruling which is inconsistent with Judge Arterton's ruling of nine-months earlier.

3. The videotapes in question are essential to the plaintiff's claims in the forthcoming federal suit involving similiar incidents that are now before this very court. The presiding judge in April 2004 saw fit to preserve and maintain the videotapes of that period in question. There is no legitimate cause for Magistrate Margolis to deny the plaintiff's motions involving additional videotapes under the circumstances.

-3-

4. The plaintiff is not required to allege in his *ex parte* motions that he had made a request to prison officials to preserve and maintain those tapes prior to filing his *ex parte* motions. The defendants' legal counsel, who are also legal counsel for the Department of Correction (DOC), have an obligation to preserve and maintain those tapes when receiving notification of the plaintiff's need of those videotapes. That notification had legally been served when the plaintiff served the notification through their legal counsel under Rule-5(b) of the FRCP in regards to the *ex parte* motions. An inmates request to the prison officials alone may or could encourage prison officials to deliberately erase those videotapes before the Attorney General's office intervene in the matter to secure the evidence.

5. Additionally, legal counsel for the defendants are fully aware of any and all court filings by the plaintiff in this civil action by their routine and weekly spot checking of the PACER internet service that is currently available to them.

6. The magistrate's January 24, 2005 ruling is erroneous to law and abuse of discretion which will have an adverse effect on this very pending civil action and the forthcoming lawsuits if those various videotapes are not preserved and maintain.

WHEREFORE, the plaintiff respectfully seeks that the presiding judge to vacate the January 24, 2005 ruling and to rule a consistent order granting the ex parte motions to preserve and maintain each of those videotapes in question.

-5-

Dated: February 3, 2005

Respectfully submitted,

_____
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

CERTIFICATION

This is to certify that a true copy of the above objection and motion for review was mailed, postage prepaid, on this 3rd day of February 2005, pursuant to Rule-5(b) of the FRCP, to Henri Alexandre and Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

_____
ANTHONY TORRES #246027
(Pro Se Plaintiff)

- 6 -