FILED

2005 FEB 23 P 4:33

UNITED STATES DISTRICT COURT
DISTRICT COURT
BRIDGEPORT, CONN.
DISTRICT OF CONNECTICUT

ANTHONY TORRES,           : Civil Action No.
    Plaintiff,            : 3:03-CV-696
                          : (JBA)(JGM)
    v.                    :
                          :
"John" TROMBLY, et al,    :
    Defendants.           : February 11, 2005

PLAINTIFF'S OBJECTION AND MOTION FOR DISTRICT COURT REVIEW OF MAGISTRATE'S RULING ON EX PARTE MOTIONS AND ON MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Pursuant to Rule-2 of the Local Rules for Magistrate Judges the plaintiff moves this court for

review of the U.S. Magistrate's ruling on his ex parte motion(s) (Docs #61) regarding the preservation and maintenance of security videotapes and also for review of the Magistrate's ruling on the plaintiff's motion for extension of time to complete discovery, which were both ruled upon on January 31, 2005.

This motion for review is being presented on the grounds that the U.S. Magistrate's ruling on the ex parte motions (Docs #61) is inconsistent or in conflict with the ruling of the presiding judge's previous ruling in this civil action involving such preservation and maintenance of videotapes. The ruling by the Magistrate is erroneous to law and an abuse of discretion.

Additionally, this motion for review is being presented on the grounds that

-2-

the U.S. Magistrate's ruling on the plaintiff's motion for extension of time to complete discovery, is an abuse of discretion which undermines the plaintiff's ability to adequately and fairly obtain relevant evidence to his claims before this very court.

In support of this motion for review the plaintiff provides the following facts:

A. Security Videotapes

1. On January 31, 2005, Magistrate Judge - Joan G. Margolis had ruled on the plaintiff's ex parte motion(s) concerning the preservation and maintenance of security videotapes at the Northern Correctional Institution (NCI) in Somers, Connecticut. (There is a confusion in the Magistrate's written ruling as to the document

entry number. The Magistrate cites "Docs #61" and then later cites "Doc #27" in the same ruling. The plaintiff's ex parte motion(s) was denied.

2. On April 23, 2004, this court in its endorsement order (paragraph-1) in connection to motion Doc #35 had granted the plaintiff's motion to preserve and maintain security videotapes. Now, however, Magistrate Margolis, on January 31, 2005, renders a ruling which is inconsistent with Judge Arterton's ruling of ten-months earlier.

3. The videotapes in question are essential to the plaintiff's claims in the forthcoming federal suit involving similiar incidents that are now before this very court. The presiding judge

-4-

in April 2004 saw fit to preserve and maintain the videotapes of that period in question. There is no legitimate cause for Magistrate Margolis to deny the plaintiff's ex parte motion(s) involving additional videotapes under the same circumstances.

4. The plaintiff is not required to allege in his ex parte motions that he had made a request to prison officials to preserve and maintain those tapes prior to filing his ex parte motions. The defendants' legal counsel, who are also legal counsel for the Department of Correction (DOC), have an obligation to preserve and maintain those tapes when receiving notification of the plaintiff's need of those videotapes. That notification had legally been served when the plaintiff provided the notification through the DOC legal counsel under Rule 5(b) of the FRCP in regards to the

-5-

ex parte motions. An inmates' request to the prison officials alone may or could encourage them to deliberately erase those videotapes before the state's Attorney General intervenes in the matter to secure the tapes.

5. Additionally, legal counsel for the defendants are fully aware of any and all court filing by the plaintiff in this civil action by their routine and weekly spot checking of the PACER internet service that is currently available to them.

6. The Magistrate's January 31, 2005 ruling is erroneous to law and an abuse of discretion which will have an adverse effect on this very pending civil action and the forthcoming lawsuits if those videotapes are not preserved and maintain.

-6-

B. Extension of Time to Complete Discovery

7. On January 31, 2005, Magistrate Judge Joan G. Margolis had ruled also on the plaintiff's motion for extension of time to complete discovery. The plaintiff had filed that motion in late December 2004.

8. The Magistrate granted the motion in part by extending the discovery deadline only until February 25, 2005. However, the plaintiff was seeking a deadline of July 5, 2005 on the grounds that the plaintiff will not be able to adequately prosecute his civil action due to a "possible second wave of discovery requests (that) will be initiated depending upon the response he receives from the defendants on the first wave" in which the Magistrate

-7-

had just <u>now</u> ordered the defendants to respond to. <u>See</u> Paragraph-4 of the plaintiff's "Motion For Extension of Time to Complete Discovery," dated December 24, 2004.

9. Respectfully, it doesn't make any sense to cut-off the plaintiff's discovery efforts on the very day he is expected to receive a response to his first wave of discovery from the defendants. What <u>if</u> the plaintiff finds that further discovery is necessary based on the defendants' response? Additionally, the lengthy period that it had taken for this court to issue a ruling on the plaintiff's motion to compel discovery is the very cause for the plaintiff to seek an extension of time to complete his discovery until July 5, 2005.

-8-

10. <u>If</u> further discovery is necessary, the plaintiff needs adequate time to seek and receive a court ruling on his motion for leave to initiate the <u>second wave</u> of discovery directed at the same defendants.

11. The February 25, 2005 cut-off date for the plaintiff's discovery is clearly inadequate and unreasonable. The plaintiff will be <u>severely frustrated</u> in prosecuting this very lawsuit. The Magistrate's January 31, 2005 ruling is an abuse of discretion.

WHEREFORE, the plaintiff respectfully seeks that the presiding judge vacate and/or amend the January 31, 2005 Magistrate ruling in the following manner:

a. Reverse the ruling on the <u>ex parte</u> motion(s) regarding the security videotapes; and

b. Amend the ruling by extending the discovery deadline to July 5, 2005 in the interest of justice.

Dated: February 11, 2005

Respectfully submitted,

*Anthony Torres*

ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box -665
Somers, CT 06071

## CERTIFICATION

This is to certify that a true copy of the above objection and motion for review was mailed, postage prepaid, on this 11th day of February 2005, pursuant to Rule-5(b) of the FRCP, to Henri Alexandre and Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

*Anthony Torres*
ANTHONY TORRES #246027
(Pro Se Plaintiff)