UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY TORRES | : | CIVIL NO. 3:00CV2253 (JGM) |
| V. | : | |
| C/O TROMBLY, ET AL. | : | MARCH 18, 2005 |

**DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME TO FILE THEIR RESPONSES AND/OR OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT NURSE DEBORAH KINDNESS AND FIRST MOTION FOR AN EXTENSION OF TIME TO FILE FOR SUMMARY JUDGMENT**

The defendants, Correctional Officer (C/O) Trombly and Nurse Deborah Kindness, by and through their undersigned counsel and pursuant to Local Rule 7(b) of the Rules of the United States District Court of the District of Connecticut, hereby move this court for a three week extension of time, to and including April 8, 2005, within which to file the responses and/or objections to plaintiff's interrogatories and requests for production of documents to Nurse Deborah Kindness in this case, prior to filing the defendants' summary judgment motion as to the merits of this case. Deborah Kindness was scheduled to come to the Office of the Attorney General on March 18, 2005, but had an unexpected family emergency resulting in a close family member being admitted to the hospital with a possible terminal condition. As a result, the defednats are compelled to file a second motion for an extension of time. The deadline for Ms. Kindness to respond had once been extended to March 18, 2005. Summary judgment motions are presently due on March 25, 2005. The defendants respectfully request that the deadline to file their summary judgment motion be extended to April, 22, 2005.

The plaintiff is a pro se incarcerated prisoner, and his position with regard to this motion has not been ascertained. This is the second motion for extension of time with regard to this discovery deadline ordered by the court in response to plaintiff's motion to compel. This is the first motion for an extension of time with regard to the deadline for filing for summary judgment.

Previously, the defendants were unaware of the plaintiff's discovery request and were only informed by way of an electronic notification from the court. In connection with said notification, the defendants obtained from the PACER website the plaintiff's discovery. This discovery has only recently been received in this office. Moreover, upon receipt of the Court's ruling undersigned counsel ascertained that Nurse Kindness no longer is assigned to Northern CI. Upon the return of Nurse Kindness from vacation, undersigned counsel contacted her at her workplace and sent her a copy of plaintiff's interrogatories. Draft responses were discussed by phone and Nurse Kindness was scheduled to come to the Attorney General's office on March 18, 2005, in time to meet the present deadline. On March 18, 2005, undersigned counsel telephoned Nurse Kindness to learn that she was attending to a close family member who had been hospitalized on an emergency basis, and thus she cannot complete her responses prior to March 18, 2005.

Plaintiff also requested a copy of his entire medical file and said file had been requested, and has just been received. A second set of copies is being made for the plaintiff and will be sent either today, Friday March 18, 2005, if completed or early next week. It is impossible to complete the discovery responses for Nurse Kindness without her obtaining the medical records, reviewing the records, and meeting with other staff at Northern, which is presently scheduled for next week, all of which necessitates the extension of time in this matter. Undersigned counsel

has been on trial in three different habeas corpus actions in the New haven and Rockville Superior Court during this week. These trial took place immediately after another jury trial and an extremely hectic and busy month of January 2005, with litigation in the state habeas court, trial courts, Connecticut Supreme Court, Second Circuit and United States Supreme Court, in a whole variety of litigation matters associated with the execution of Michael Ross which had been ordered by the Superior Court for January 26, 2005. Thus, undersigned counsel was completely engaged in other matters and unable to work on the instant case. This litigation has commenced anew with a new action filed by the Missionary Society of Connecticut. Tours of death row are scheduled for next week and voluminous discovery has been ordered by the Superior Court in New London, which unfortunately involves coordination with undersigned counsel on behalf of the DOC.

      On February 24, 2005, C/O Trombly completed and signed his interrogatories and requests for production and copies were sent to the plaintiff. Copies of the plaintiff's medical file are being copied simultaneously with the writing of this motion and will be forwarded to plaintiff as soon as possible. This extension of time is primarily designed to allow further time for Nurse Kindness who does not have access to plaintiff's medical file, and who has a personal family emergency on this date.

DEFENDANTS
C/O Trombly, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:_____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Tel:  (860) 808-5450
Fax: (860) 808-5591
E-Mail:  steven.strom@po.state.ct.us
Federal Bar No. #ct01211

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 18th day of  March , 2005:

Anthony Torres, # 246027
Northern Correctional Institution
POB 665
Somers, CT 06071

_____
Steven R. Strom
Assistant Attorney General