FILED

2005 MAY 19 P 4: 39

U.S. DISTRICT COURT
BRIDGEPORT. CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES, : Civil Action No.
Plaintiff, : 3:03-CV-696
: (JBA) (JGM)
v. :
:
"John" TROMBLY, et al, :
Defendants. : May 9, 2005
:

## PLAINTIFF'S MOTION TO STAY THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff hereby moves this court for an immediate stay of the adjudication of the Defendants' Motion For Summary Judgment dated April 20, 2005 on the grounds that a large number of the plaintiff's motions and other legal documents had never arrived at the Clerk's office in Bridgeport, Connecticut for filing after

those documents were directly entrusted to the prison officials for mailing to the courthouse between the period of February 3, 2005 and April 26, 2005.

The plaintiff believes that his outgoing legal mail was all unconstitutionally open and then some were _selectively_ and _carefully_ _withheld_ from being mailed to the Clerk's office by the prison employees or officials here at the Northern Correctional Institution (NCI) to impede his civil litigation in the federal district court. The plaintiff is currently in contact with the Clerk's office in the U.S. Court of Appeals for the Second Circuit and the state court in Rockville, Connecticut, through a third party, to determine if the plaintiff's litigation in those courts were also affected. _It should be noted_ _that the plaintiff's transfer of his outgoing_

-2-

Legal mail to prison employees and officials for mailing was all caught on NCI security videotapes.

In support of this motion to stay the Defendants' Motion for Summary Judgment dated April 20, 2005, the plaintiff submits the accompanied sworn Affidavit. Also, below is a listing of the plaintiff's legal documents that have disappeared after they were entrusted to the prison employees and officials for mailing.

The plaintiff argues that the defendants' motion for summary judgment is not ripe for adjudication until the plaintiff's below listed motions and other documents are all dealt with, beforehand, and its very clear now that a second wave of discovery may be necessary after the first wave has been dealt with by the court through

-3-

the appropriate sanctions and/or motions
to compel.

This motion to stay is being submitted
to this court in good-faith and not for
the purpose of causing delays. The
plaintiff is incarcerated and is unable
to ascertain the position of defense
counsel pertaining to this motion to stay
the summary judgment motion they have
filed on April 20, 2005 to the
plaintiff's complete surprise and confusion.

The plaintiff will try again to mail
a copy of the below listed motions and
other documents to the clerk's office
in Bridgeport on or before May 16,
2005 after obtaining photocopies from
the prison officials. The below listed
documents are:

-4-

1. Plaintiff's Objection and Motion for District Court Review of Magistrate Ruling of Ex Parte Motions, dated February 3, 2005.

2. Plaintiff's Objection and Motion for District Court Review of Magistrate's Ruling on Ex Parte Motions and On Motion for Extension of Time to Complete Discovery, dated February 11, 2005

3. Plaintiff's Objection to Defendants' Motion For Extension of Time to File Responses And/Or Objections to Interrogatories and Request For Production Directed to Defendant Trombly and Kindness, dated March 4, 2005.

-5-

4. <u>Plaintiff's Motion for Sanctions Pursuant
to Rule-37(a)(4), Or the Alternative,
Motion to Compel Discovery Pursuant
to Rule-37(a) of the FRCP Upon
Defendant "John" Trombly</u>, dated
March 16, 2005 (Accompanied by an
<u>Affidavit</u> and also a <u>Memorandum of
Law</u>).

5. <u>Plaintiff's Motion for Sanctions,
Pursuant to Rule-37(a)(4), For
Defendant Debbie Kindness' Failure
to Comply With Court Order on
Discovery</u>, dated March 24, 2005.
(Accompanied by an <u>Affidavit</u> and
also a <u>Memorandum of Law</u>).

6. <u>Plaintiff's Notification to the District
Court That A Second Wave of
Discovery Will Be Necessary Directed
At Each Defendant As Described
In Plaintiff's Objection and Motion
For District Court Review</u> of

Magistrate Ruling Dated February 11, 2005, And Additional Time to Complete the Second Wave of Discovery Will Be Needed And Sought dated April 16, 2005.

7. <u>Plaintiff's Motion For Sanctions, Pursuant to Rule - 37(a)(4), Or the Alternative, Motion to Compel Discovery Pursuant to Rule - 37(a) of the FRCP, Upon Defendant Debbie Kindness</u> dated April 26, 2005. (Accompanied by an <u>Affidavit</u> and a <u>Memorandum of Law</u>).

WHEREFORE, the above motion to stay the <u>Defendants' Motion for Summary Judgment</u> dated April 20, 2005 should be granted in the interest of justice.

-7-

Dated: May 9, 2005

Respectfully submitted,

Anthony Torres
_____
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box-665
Somers, CT 06071

-8-

<u>CERTIFICATION</u>

This is to certify that a true copy of the above motion was mailed, postage prepaid, on this 9th day of May 2005, pursuant to <u>Rule-5(b)</u> of the FRCP, to Steven R. Strom and Henri Alexandre, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

ANTHONY TORRES # 246027
(Pro Se Plaintiff)

-9-