FILED

2005 MAY 19 P 4:39

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
    Plaintiff,

v.

"John" TROMBLY, et al.,
    Defendants.

Civil Action No.
3:03-CV-696
(JBA) (JGM)

May 9, 2005

## AFFIDAVIT/DECLARATION OF ANTHONY TORRES

I, ANTHONY TORRES, being duly sworn, deposes and says:

1. I am the plaintiff pro se prisoner in the above-captioned civil action and I submit this sworn affidavit/declaration in support of my

accompanied motion to stay the defendants' motion for summary judgment.

2. I'am incarcerated at the supermax prison, the Northern Correctional Institution (NCI), in Somers, Connecticut. My classification and security status under the DOC administrative directive, <u>9.4</u>, is <u>Administrative Segregation - Phase One (A.S.)</u>. Throughout February 2005 and into May 2005, I had been housed in the One West Housing Unit of the NCI facility. As a <u>A.S.-Phase One</u> prisoner, I have no physical access to the institution mailbox for inmates located in the One West unit. To send outgoing social or legal mail I must physically entrust the mail to a prison guard or counselor within One-West. There is no assurance that such mailing will ever reach the institution mailbox which is out of sight from my particular cell location. Additionally, some of the prison

-2-

guards in One West, including in One East Housing Unit, which is also a A.S.-Phase One housing, are well known to impede an inmates legal mail if a personal or spiteful vendetta is in effect which is the case today with me. My outgoing mail have time-to-time disappeared since 2001 or 2002 when the mail is entrusted to prison guards in the NCI.

   3. On April 22, 2005, I was in receipt of the <u>Defendants' Motion for Summary Judgment</u> which was dated April 20, 2005. I was surprised and somewhat confused as to why such a motion by the defendants was being filed when I knew that various motions concerning discovery and other matters was submitted by me to the court for adjudication from February 2005 to April 2005. The defendants' motion was clearly not ripe. I then became suspicious and, through a third party, I

-3-

had the Clerk's office contacted for an examination of the court file to determine what was filed, and what was **not**, covering the period of January 2005 to the present time period. From the information I had gathered, through the third party, was that the motions and other documents I had mailed to the Clerk, as listed in the accompanied motion to stay the summary judgment motion, had never reached the Clerk's office. The amount of missing mail can only lead me to believe that the prison officials or employees had spitefully interfered with my mail addressed to the Clerk's office.

4. I am currently checking to determine if other courts, the USCA in New York and the Connecticut Superior Court in Rockville, Connecticut had also been affected by the impediment caused by prison officials.

-4-

5. To the best of my recollection, the specific missing mail was entrusted to various prison guards on separate dates and such transfer was surely captured on the NCI-One West Housing Unit security cameras. Therefore, videotapes does exist which shows the transfer of my mail to prison guards.

6. Other missing mail from the year 2001 through 2004 had also occurred involving different civil actions in federal and state court. I'am also aware of missing social mail I had sent out that never reached its destination. I was informed by high-ranking officials here at the NCI that missing mail, outgoing or incoming, is not unusual in which I found to be a convenient excuse for them to invoke.

7. I have made arrangements with the Correctional Counselor, Mr. Peterson,

-5-                                      AT

for the time being, to take my outgoing mail for now on. Hopefully, that will reduce the amount of missing mail in the immediate future.

8. The missing mail in question can be replaced with copies that are in my file. I'll turn them over to Mr. Peterson for mailing by no later than May 16, 2005 for the court's adjudication. As soon as the photocopies are done, it will be mailed to the Clerk's office and service, again, to the adverse party — the Attorney General's office. The court should receive the copies, through the Clerk's office, without any further delays.

9. For the foregoing reasons, my motion to stay the defendants' motion for summary judgment should be granted.

-6-

Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2005

Submitted by,
*Anthony Torres*
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box -665
Somers, CT 06071

-7-

## CERTIFICATION

This is to certify that a true copy of the above affidavit/declaration was mailed, postage prepaid, on this 9th day of May 2005, pursuant to Rule-56 of the FRCP, to Steven R. Strom and Henri Alexandre, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

_Anthony Torres_
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-8-