UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 SEP 15 P 4:18

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Anthony Torres            :
                          :           PRISONER
       v.                 :       Case No. 3:03CV696(JBA)
                          :
John Trombly, et al.      :

### Ruling and Order [Docs. ## 66, 67, 68, 74, 75]

Pending before the court are the plaintiff's objections to and motions for review of rulings of Magistrate Judge Margolis, a motion to stay, and a motion for extension of time. For the reasons set forth below, the objections are overruled and the motions for review, stay, and extension of time are denied.

I.    Objections and Motions for Review [Docs. ## 66, 67, 68]

On January 24, 2005, Magistrate Judge Margolis denied ten motions for ex parte orders directing the defendants to preserve videotapes. See [Doc. # 63]. On February 1, 2005, Magistrate Judge Margolis denied one additional motion for ex parte order directing the defendants to preserve videotapes, granted plaintiff's motion to compel, and granted in part plaintiff's motion for extension of time to complete discovery. See [Doc. # 65]. The plaintiff has filed objections to the Magistrate Judge's rulings and asks the court to review and vacate the rulings. He claims that the rulings are inconsistent with the court's April 23, 2004 Order granting a motion for ex parte order directing defendants to preserve certain videotapes. See [Doc. # 41].

With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination. See 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider these pretrial matters on a motion by a party where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). With regard to the excepted motions, which include motions to dismiss and motions for preliminary injunctive relief, the magistrate judge may issue a recommended ruling, to which the parties may object within ten days. 28 U.S.C. §§ 636(b)(1)(B)-(C). If a party objects, the district judge considers de novo the portion of the recommended ruling to which objection was made. 28 U.S.C. § 636(b)(1)(C). Here, the plaintiff objects to the Magistrate Judge's ruling on plaintiff's motions regarding discovery and other procedural issues. These types of motions are not among the exceptions for which a magistrate judge may issue only a recommended ruling, and therefore the appropriate district court standard of review is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Conn. L. Rules for Magistrate Judges 72.1(C)(2), 72.2(b) (providing that the standard of review for a Magistrate Judge's "determination of nondispositive motions, including . . . those relating to discovery and other matters of procedure" is "clearly erroneous or contrary to law").

In the initial motion for order to preserve videotapes filed on April 14, 2004, the plaintiff stated that he needed

2

videotapes of incidents occurring on April 6 and 7, 2004 in order to file an amended complaint in this action. Thus, on April 23, 2004, the court granted his motion to preserve those videotapes. In the subsequent eleven motions to preserve videotapes, the plaintiff did not claim to need the videotapes to supplement or amend the complaint in this action, but rather to file new complaints. Magistrate Judge Margolis concluded that the court has no authority to order the defendants to preserve videotapes that are unrelated to the allegations in this action and further that the plaintiff did not indicate that he had made any attempts to request that the defendants preserve the tapes prior to filing his motions. The court concludes that the Magistrate Judge's rulings are not inconsistent with the April 23, 2004 Order and that the rulings are not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The plaintiff also contends that the Magistrate Judge's ruling denying in part and granting in part his motion for extension of time to complete discovery is erroneous. In the court's ruling, the Magistrate Judge granted the plaintiff's motion to compel the defendants to respond to prior discovery requests and directed the defendants to respond to the discovery requests by February 25, 2005. Magistrate Judge Margolis also granted the plaintiff's motion for extension of time in part and extended the deadline for completing discovery until February 25, 2005. The plaintiff claims that the Magistrate Judge erred in

3

not granting him an extension of time until July 5, 2005 to complete discovery.

In his motion for extension of time, the plaintiff stated that a second wave of discovery requests might be necessary depending on the defendants' responses to his prior discovery requests. In light of the fact that it was unclear from the motion whether the plaintiff would in fact need to conduct additional discovery, it was not unreasonable for the Magistrate Judge to grant the plaintiff an extension of time to complete discovery only until February 25, 2005, the date by which defendants were to respond to prior discovery requests. In addition, the plaintiff was not prohibited from seeking an additional extension of time if and when he determined that he needed to conduct additional discovery after receiving responses to the prior discovery requests. The court concludes that the Magistrate Judge's ruling denying plaintiff's motion for extension of time in part is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The plaintiff's objections are overruled. Because the motions for review seek the same relief as requested in the objections to the rulings, the motions for review are denied as moot.

II.  Motions to Stay and for Extension of Time
     [Docs. ## 74, 75]

The plaintiff claims that three motions, three objections and a notification were not received or docketed by the court.

He asks the court to stay any ruling on the defendants' motion for summary judgment until he can re-file these documents with the Clerk's Office. The docket sheet reflects that the three objections referenced in the plaintiff's motion were received and docketed, (see Docs. ## 66, 67/68, 72), but the three motions for sanctions, including two motions for sanctions or, in the alternative, to compel discovery, and the notification that a second wave of discovery will be necessary, were not received or docketed.

On the record currently before the court, there is no basis for staying adjudication of the defendants' summary judgment motion. The court will permit plaintiff to re-file his motions for sanctions or, in the alternative, to compel discovery, and his notification within fourteen days from the date of this order. The plaintiff must file his opposition to defendants' motion for summary judgment within thirty days from the date of this order or, in lieu of filing an opposition, if plaintiff re-files the above-described submissions he may file a renewed motion to stay adjudication of the summary judgment motion by the same date. The plaintiff's motion to stay [Doc. # 74] is thus denied without prejudice to renew. The plaintiff's motion for extension of time until May 24, 2005 to re-file his motions is denied as moot.

Conclusion

The plaintiff's Objections [**Docs. ## 66, 67**] are **OVERRULED**. The Motions for Review [**Docs.## 66, 68**] are **DENIED** as moot. The Motion for Stay [**Doc. # 74**] is **DENIED without prejudice to renew**, as described above. The plaintiff may re-file the above-described submissions by **September 30, 2005**. The plaintiff must file his opposition to the defendants' motion for summary judgment by **October 17, 2005** or, in the alternative, if he chooses to re-file his motions, plaintiff may elect to file a renewal of his motion to stay adjudication of the summary judgment motion by **October 17, 2005**, in lieu of an opposition. The plaintiff's Motion for Extension of Time [**Doc. # 75**] until May 24, 2005 to re-file his motions for sanctions is **DENIED** as moot.

**SO ORDERED** this 15th day of September, 2005, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge