```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ANTHONY TORRES,                    :
     Plaintiff,                    :
                                   :              PRISONER
v.                                 :   Case No.  3:03CV696 (JBA)(JGM)
                                   :
"JOHN" TROMBLY, et al.,            :
     Defendants.                   :
```

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, Anthony Torres, has filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He alleges inter alia that defendants Trombly and Kindness failed to provide him with his blood pressure medication on March 16, 2003. The Court subsequently granted defendants' motion to dismiss as to Counts Two and Four through Nine and all claims for compensatory damages as to defendants Trombly and Kindness, and denied the motion as to Counts One and Three. See Torres v. Trombley, Civ. No. 3:03cv969, 2004 WL 1497542 (D. Conn. June 29, 2004). The Court dismissed all claims against defendants Dumas, Coates, Lantz, Wollenhaupt, Hughes and Purvis. Id. The only claims remaining are those in Counts One and Three against defendants Trombly and Kindness. Pending is a motion for summary judgment filed by these defendants, and for the reasons that follow, their motion will be granted.

**I.   Facts**[1]

Dr. Edward Blanchette currently is the Director of Clinical and Professional Services for the Connecticut Department of Correction, and has been licensed to practice medicine in the State of Connecticut since 1975.  Blanchette Aff. [Doc. # 73-3] ¶¶ 1, 4.  Debbie Kindness is a nurse licenced to practice in the State of Connecticut who has been employed at Northern Correctional Institution since March 1995.  Kindness Aff. [Doc. # 73-5] ¶ 1.  Both practitioners are familiar with plaintiff's medical records, though neither avers personal familiarity with Torres or his treatment regimen.  Blanchette Aff. ¶ 6; Kindness Aff. ¶ 3.

Physicians within the Department of Correction prescribed a preventative hypertension regimen for the plaintiff because he is overweight and has been diagnosed with a mild case of high blood pressure.  Blanchette Aff. ¶ 13.  The hypertension protocol requires monthly weight checks and blood pressure testing.  Id. In addition, in August 2001, a physician within the Department of Correction prescribed the plaintiff 25 milligrams of Hydrochlorothiazide ("HCTZ") once per day for four months to treat the plaintiff's hypertension.  Id.  ¶ 12.  Dr. Blanchette

---

[1] The following facts are drawn from the affidavits supporting defendants' summary judgment motion.  Despite two notices, see [Docs. ## 73-7, 78], plaintiff did not file a memorandum or evidence in opposition to the motion.

states that the normal dosage of HCTZ in his practice generally is 50 milligrams.  Id.

In January 2001, the plaintiff underwent weekly blood pressure checks for four weeks and then monthly blood pressure checks after the initial four week period.  Id. ¶ 8 and attached medical records at 102.  Dr. Blanchette characterizes plaintiff's blood pressure readings in 2001 and 2002 as "excellent," and was well within the goal range of less than 140/90.  Id. ¶ 8.  Throughout 2003 and 2004, the plaintiff's blood pressure readings continued within the acceptable range.  His blood pressure on March 13, 2003 was 120/68 and on April 8, 2003 was 120/80.  Med. Recs. at 107.

In March 2003, the plaintiff was taking 25 milligrams of HCTZ once per day.  Id. ¶ 12.  On March 16, 2003, Nurse Kindness documented that plaintiff "refused to comply with dress code protocol" and therefore did not receive his medication for that date.  Med. Recs. at 80.  The plaintiff took his dose of HCTZ on all other days in March.  Kindness Aff. ¶ 11.

Dr. Blanchette opined "to a reasonable degree of medical certainty, that plaintiff is not at any substantial risk of serious harm by the withholding of medication on one day."  Blanchette Aff. ¶ 11.  He stated that missing a single dose of HCTZ may have caused the "therapeutic effects of the medication [to become] slightly diminished over [the] 24 hour period, but

would not have presented any risk to Mr. Torres." Id. ¶ 14. Nurse Kindness also "knew that such a low dose [of HCTZ], refused on a single occasion, would not subject the plaintiff, whose blood pressure was under control and being appropriately managed, to a significant risk of harm." Kindness Aff. ¶ 12. The following day, Nurse Kindness offered the medication to the plaintiff and he accepted it. The plaintiff's blood pressure reading for the following month of April 2003 was 120/80. Med. Recs. at 107.

Anthony Trombly has been employed as a Correction Officer at the Northern Correctional Institution since March 1995. See Trombly Aff. [Doc. # 73-4] ¶ 1. His responsibilities have included care and custody of inmates and providing safety and security for staff, inmates, the facility and the public. Id. ¶ 2. Occasionally, Officer Trombly is assigned as a security escort to a staff member or a visitor who needs to be escorted within Northern Correctional Institution. Id. ¶ 3.

On March 16, 2003, Officer Trombly was assigned as the escorting officer to Nurse Kindness. Id. ¶ 4. When escorting a nurse who is passing out medication, Officer Trombly's primary duties are to ensure that each inmate is awake, presents himself properly at the cell door to receive his medication, and is respectful to and follows the instructions of the nurse. Officer Trombly's duties do not include passing out medication. Id. ¶¶

5-6. He states that he does not know what medications are being dispensed or the medical condition for which the medication has been prescribed. Id. ¶ 10.

## II. Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court may grant summary judgment only "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson, 477 U.S. at 256.

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion" unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

**III. Discussion**

The defendants raise three grounds in support of their

6

motion for summary judgment.  They argue that (1) Kindness and Trombly were not deliberately indifferent to plaintiff's medical needs; (2) Trombly did not conspire with Kindness to deprive plaintiff of medication or to falsify medical records and (3) Trombly and Kindness are entitled to qualified immunity.

**A.   Deliberate Indifference to Medical Needs**

The defendants argue that the plaintiff did not suffer from a serious medical need as a result of the missed dose of hypertension medication.  They also contend that even if plaintiff's condition was serious, defendants Kindness and Trombly were not deliberately indifferent to that condition.

The Eighth Amendment protects inmates from deliberate indifference by prison officials to their serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To prevail on such a claim, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.  A prisoner must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  See id. at 104-05.  Mere negligence will not support a Section 1983 claim; the conduct complained of must "shock the conscience" or constitute a "barbarous act."  McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)).  A treating

7

physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06).

The civil rights statute was not meant to redress medical malpractice claims that can be adequately resolved under state tort law. Tomarkin, 534 F. Supp. at 1230-31. Thus, a claim of misdiagnosis, faulty judgment, or malpractice without more to indicate deliberate indifference, is not cognizable under Section 1983. See McCabe v. Nassau County Medical Center, 453 F.2d 698, 704 (2d Cir. 1971); Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982). In addition, mere disagreement with prison officials about what constitutes appropriate medical care does not state a claim cognizable under the Eighth Amendment. See Hyde v. Mcinnis, 429 F.2d 864, 868 (2d Cir. 1970); Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). First, the alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The Second Circuit has

8

identified several factors that are relevant to the inquiry into the seriousness of a medical condition: "'[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d. Cir. 1998) (citation omitted). In addition, where the denial of treatment causes plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

In addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, an inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

The defendants argue that the plaintiff did not suffer a

9

serious medical injury as a result of the missed dose of hypertension medication. Plaintiff's medical records and the Affidavit of Dr. Blanchette confirm that plaintiff had been diagnosed with mild hypertension as of March 2003, and was taking a relatively low dose of medication for that condition. The medical records reflect that the plaintiff did not take his hypertension medication on March 16, 2003, but took it every other day that month, and his blood pressure was within the acceptable range during his next monthly checkup in April 2003. It is impossible to determine whether the lack of medication caused plaintiff's blood pressure to increase on March 16, 2003, and if so, whether any such increase would have posed a danger to his health, because the Department of Correction did not measure Torres' blood pressure again for approximately three weeks, by which time it was normal. Nonetheless, the plaintiff has failed to submit any evidence demonstrating that the missed dose of medication interfered with his daily activities on March 16, 2003, or caused him any other medical complications.

Dr. Blanchette has averred that the plaintiff would have suffered no appreciable risk to his health as a result of missing a single dose of his hypertension medication. See Blanchette Aff. ¶¶ 8, 14. While Blanchette did not personally examine Torres and did not state that he was personally familiar with plaintiff's case other than reviewing the medical records, Dr.

Blanchette's affidavit remains the only doctor's opinion in the record. Torres has filed no evidence or affidavits to contradict Dr. Blanchette's opinion.

Given a different evidentiary record, it is possible that hypertension could be, or could lead to, a serious medical problem. However, in this case Torres has not met his burden of demonstrating that there are genuine issues of material fact as to whether Kindness' failure to administer his hypertension medication on March 16, 2003, caused him to suffer a serious medical condition on that day. Thus, the plaintiff has failed to state a claim of deliberate indifference to a serious medical need. The defendants' motion for summary judgment is granted as to the Eighth Amendment claim set forth in Count One of the Amended Complaint against defendants Trombly and Kindness.

**B.    Conspiracy Claims**

The plaintiff alleged in Count Three that Officer Trombly and Nurse Kindness conspired to falsify medical records, log books and incident reports concerning the missed dose of medication in violation of 42 U.S.C. § 1985(3). In his May 6, 2004 opposition to the previously-decided Motion to Dismiss, plaintiff stated that he was withdrawing all claims pursuant to § 1985(3) and "stand[ing] solely on his claims under Section 1983." Mem. of Law in Opp. [Doc. # 43] at 10. In its June 29, 2004 Ruling, the Court dismissed Count Two, which alleged a § 1985(3)

claim that defendants conspired to refuse to administer plaintiff's medication, but the Court erroneously neglected to dismiss Count Three on the same grounds.

Because plaintiff voluntarily withdrew all claims under § 1985(3), Count Three is dismissed.

## IV. Conclusion

Accordingly, the Motion for Summary Judgment [**Doc. # 73**] is **GRANTED** as to all claims against defendants Kindness and Trombly, and the Clerk is directed to close this case.

/s/<br>
JANET BOND ARTERTON<br>
United States District Judge

**Dated at New Haven, Connecticut, this 22nd day of March, 2006.**