UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED 2006 APR 19 P 3:45
U.S. DISTRICT COURT

ANTHONY TORRES,
    Plaintiff,

v.

"John" TROMBLY, et al.,
    Defendants.

Civil Action No.
3:03-cv-696
(JBA) (JGM)

March 30, 2006

## AFFIDAVIT/DECLARATION OF ANTHONY TORRES

I, Anthony Torres, being duly sworn, deposes and says:

1. I am the plaintiff in the above-captioned civil action and I am over the age of 21-years. I submit this affidavit/declaration in support of my motion for relief from judgment which is accompanied this affidavit/declaration.

2. I am incarcerated at the Northern Correctional Institution in Somers, Connecticut. Northern is a super-maximum level security prison in Connecticut. I have been confined to Northern since September 2000. I am currently serving a 30-year sentence.

3. For the past 24-months or so, the Northern prison employees and officials have intentionally, selectively and unconstitutionally intercepted my outgoing legal-priviledged mail addressed to the federal and state court Clerks'. These intercepted mailing contain various motions and pleadings that are pending before those courts, including mailings involving the above-captioned civil action. The legal papers that had never reached this court is very extensive and has effectively hinder or frustrated my adequate prosecution of this very action.

4. On August 30, 2005, the prison employees at Northern began a campaign to steal and destroy my legal papers and files whenever possible. On this specific day, August 30th, a portion of the civil file in my possession for the above-captioned action was stolen and/or destroyed spitefully by prison employees, including papers and files pertaining to other federal and state cases I have pending in the courts.

5. On February 15, 2006, Northern prison employees and officials had confiscated and/or stolen all of my 16-plus property file boxes of legal work from my prison cell in retaliation for my administrative written complaints concerning Northern prison staff gross misconduct and criminal activities. My civil litigation files consist of court papers, work product and privledged-confidential documents

-3-

with extensive strategy and tactical civil litigation notes. Also, in those file boxes are law books, materials, personal papers and property, including documents pertaining to human rights monitoring activities at the Northern supermax prison.

6. Several days later, on or about February 17, 2006, the prison officials only returned to me 5-boxes under the unconstitutional conditions that I equally exchange the file boxes of legal papers for other boxes of materials I own, and are being held hostage in the prison-cellblock storage room.

7. The prison officials are flatly refusing to permit me to conduct an adequate and careful inventory of all 16-plus property file boxes containing the legal papers and files so that I won't be able to determine, positively,

-4-

if any documents or other materials are missing or have been destroyed as a direct result of the confiscation or theft committed by prison employees.

8. I will need, as a bare minimum, fourteen (14) days with <u>all</u> 16-plus property boxes placed back within my cell, simultaneously, as was originally prior to the February 15, 2006 confiscation and/or theft. An adequate or correct inventory cannot be conducted separately or piecemeal because of the very ease in which the prison officials can manipulate the inventory control process with their questionable "equal box exchange" procedures they are demanding.

9. I am an experienced Assistant Manager of a retail grocery supermarket store back in the late 1970 and I am acutely

-5-

familiar with the inventory control practice of store merchandise and detecting unusual shrinkage or employee theft of merchandise. The inventory procedure that the prison officials are attempting to impose upon me is clearly defective because it permits the actual inventory to be impossible to execute accurately when boxes of legal papers are being joggled from one box to another to deceive the inventory control. This seam by the prison officials is classic within the old vintage days of retail merchandise control

10. The same acceptable inventory control theory that is use for retail stores should be used by me, by placing all 16-plus property boxes within my cell, — as it was originally prior to February 15, 2006, — for the 14-days inventory execution to positively detect any theft or destruction of my legal work.

-6-

11.  On March 10, 2006, prison employees and officials had, again, entered my prison cell and confiscated and/or stolen an extensive amount of legal papers and civil action files, including documents pertaining to the above-captioned civil action. Various other materials such as personal papers and human rights monitoring documents taking place at Northern was also taken

12.  One of the prison employees directly involved in the confiscation and/or theft is a named defendant in a state lawsuit currently in the Connecticut Appellate Court who had 6-months previously threaten to steal and/or destroy the plaintiff's litigation files and other property at the very first opportunity.

13.  Approximately ten days later, the property boxes confiscated specifically

-7-

on March 10th was return to me. However, upon the examination of the 5-boxes, I found extensive amount of legal documents missing. Furthermore, I found evidence that the legal papers were in fact carefully examined and selective documents removed. An unsuccessful attempt was made by the prison officials to reduce my detection of the missing legal papers and files. The prison officials have flatly refused to return the stolen papers and files to me.

14. On March 22, 2006, I received disturbing news from other Northern prisoners that one or more prison employees were quietly passing around some of my legal papers that was stolen to various inmates for their examination.

15. It was brought to my attention from a prison employee at

-8-

Northern that Assistant Attorney General, Madeline A. Melchionne, and others from her office, was involved, after-the-fact, in the confiscation and/or theft of my property of legal papers. On March 28, 2006, Ms. Melchionne did in fact admitted that she was in possession of all or a portion of the documents removed from my litigation files and other documents which are described above in this affidavit/declaration. Said possession, by the AG's office, has seriously compromised my civil litigation in the above-captioned action and various federal and state civil cases.

-9-

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on the 30th day of March 2006.

Submitted by:

*Anthony Torres*

ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box-665
Somers, CT 06071

-10-

## CERTIFICATION

This is to certify that a true copy of the above affidavit/declaration was mailed, postage prepaid, on the 30th day of March 2006, to Steven R. Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

_Anthony Torres_
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-11-

AT