UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY TORRES | : | CIVIL NO. 3:03CV696(JBA)(JGM) |
| v. | : | |
| JOHN TROMBLY, ET.AL. | : | MAY 10, 2006 |

### AFFIDAVIT OF BRIAN BRADWAY

I, Brian Bradway, being duly sworn hereby depose and say:

1. I am employed as a Counselor Supervisor by the Connecticut Department of Correction (DOC). I am presently a Unit Manger for the 1-east housing unit at Northern CI. My duties include supervision of correctional officers, correctional counselors and Correctional Treatment Cfficers (CTO) who work in the 1- East housing unit, where the plaintiff Anthony Torres, #246027, is housed. I have become very familiar with the conduct and issues raised by inmate Anthony Torres as a result of my duties as Unit Manager.

2. Anthony Torres has been allowed a reasonable exception above and beyond DOC policy, to maintain, and at present he has in his cell five boxes of legal materials (papers and other documents) in addition to his items of personal property, such as clothing, personal hygiene items, etc. Ordinarily inmates at a level 5 maximum security facility such as Northern are only allowed 5 cubic feet of property under the DOC property matrix, attached to A.D. 6.10. After a serious incident on March 10, 2006, which threatened the health and safety of staff and inmates, in which Mr. Torres covered himself, the cell walls, and the cell window with human feces, his property had to be removed from his cell. No legal papers related to this or any other case were stolen.

3. I have assigned CTO Adam Tuller to retrieve and exchange on a box for box basis, any of plaintiff's eleven boxes which are maintained in property storage. Mr. Tuller is familiar with the system of exchange, which allows Mr. Torres to swap one box for another so he can have with him the particular papers he needs for any one of his many legal cases.

4. The key to the property storage room is a limited access key, only available to certain designated personnel. Mr. Torres has been offered numerous opportunities to exchange his five boxes in his cell for any other five he wishes but he has declined to do so.

5. I have also assigned Counsel Jef Fargo to provide Mr. Torres with additional amounts of legal pads (50 pages each) which have been authorized by the Warden. Usually inmates are only allowed five legal envelopes a month and one half legal pad every week, if they are indigent. Mr. Torres has been give 3 full legal pads each week and numerous amounts of additional envelopes for legal mailings, and free postage, as set forth in the inmate contact sheets attached to Mr. Fargo's affidavit.

6. There is absolutely no reason of which I am aware which prevents Mr. Torres from requesting access to his eleven legal boxes in storage. There is no reason why Mr. Torres could not have written to the federal court in this case concerning any matter, since at all relevant times he has been provided with ample amounts of paper, envelopes and free postage.

7. There is no evidence whatsoever which supports the unfounded allegations that legal materials have been stolen from the plaintiff.

I have read the foregoing and it is all true and accurate to the best of my knowledge and belief.

_____
Brian Bradway

Subscribed and sworn to before me this 10th day of May, 2006.

_____
Notary Public
Commissioner of the Superior Court

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 15th day of May, 2006:

Anthony Torres, #246027
Northern CI
POB 665
Somers, CT 06071

_____
Steven R. Strom
Assistant Attorney General

3

# NORTHERN DISPATCH

*Jeffrey McGill, Warden*                              FEBRUARY 7, 2006

### VOLUME OF PROPERTY

An inmate is permitted to have five (5) cubic feet of property in his possession of which no more than two (2) cubic feet must be items from the commissary. Additionally, an inmate may retain one (1) box of legal material. Additional legal materials may be stored with the authorization of the Unit Administrator and exchanged upon request to the unit staff. All property must be stored in lockers.

cc: All Staff

| State of Connecticut<br>Department of Correction<br>ADMINISTRATIVE DIRECTIVE | DIRECTIVE NUMBER<br>6.10 | EFFECTIVE DATE<br>March 5, 2003 | PAGE 1 OF<br>13 |
|---|---|---|---|
| | SUPERSEDES: | Inmate Property - 6/26/00 | |
| APPROVED BY [signature] 3/5/03 | TITLE: | Inmate Property | |

1. **Policy.** An inmate may possess only that property authorized for retention upon admission to the facility, issued while in custody, purchased in the facility commissary, or approved at the facility in accordance with this Administrative Directive. An inmate's property shall be managed in a manner, which contributes to a safe, sanitary and secure environment for staff and inmates.

2. **Authority and Reference.**

   A. Connecticut General Statutes, Chapter 53 and Section 18-81.
   B. Regulations of Connecticut State Agencies, Sections 4-157-1 through 4-157-17.
   C. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standards 3-4157, 3-4279 through 3-4281 and 3-4393.
   D. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standards 3-ALDF-2E-11 and 3-ALDF-4A-04.
   E. Administrative Directives 3.8, Commissary; 6.9, Control of Contraband and Criminal Physical Evidence; 6.14, Security Risk Groups; 9.3, Inmate Admissions, Transfers and Discharges; 9.4, Restrictive Status; 9.5, Code of Penal Discipline; 9.6, Inmate Grievances; 10.7, Inmate Communications; and 10.8, Religious Services.

3. **Definitions.** For the purposes stated herein, the following definitions apply:

   A. **Bulk Storage.** Civilian clothing and effects not authorized for retention by a pretrial inmate.
   B. **Contraband.** Anything not authorized to be in an inmate's possession; used in an unauthorized or prohibited manner; or altered in any way.
   C. **Indigent Inmate.** An inmate who has less than five dollars ($5.00) on account at admission or whose account has not exceeded five dollars ($5.00) for the previous 90 days.
   D. **Inmate Property.** Inmate property is property that is (1) issued by the facility; (2) authorized by this directive; (3) purchased through the commissary; or (4) authorized by a physician for health care reasons.
   E. **Legal Materials.** All documents including an inmate's notes and petitions related to any pending administrative action relative to the inmate's incarceration or any documents related to pending legal action involving the inmate.
   F. **Property Officer.** An employee designated by the Unit Administrator to oversee the handling of inmate property in accordance with this Directive.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 6.10 | March 5, 2003 | 2 | 13 |
| TITLE | Inmate Property | | |

    G.    <u>Religious Article</u>. Inmate property, other than authorized headwear, prayer rugs and published material, having spiritual significance, which is used in individual or congregate religious activity.

    H.    <u>Storage Property</u>. Property owned by an inmate that the facility will maintain in secure storage. There are two (2) types of storage property: valuable and bulk.

    I.    <u>Temporary Storage Property</u>. Property which an inmate is not permitted to possess because of assignment to a temporary restrictive status.

    J.    <u>Unauthorized Property</u>. Property which is either not allowed by the terms of this Directive or is in excess quantity of property permitted by this Directive.

    K.    <u>Unclaimed Property</u>. Inmate property that: (1) is not claimed at discharge or within 30 days after discharge; (2) is not claimed by the inmate's next of kin within 30 days of notification of an inmate's death; (3) belongs to an inmate who has escaped; or (4) is contraband property that has not been disposed of pursuant to this Directive.

    L.    <u>Valuable Storage</u>. Jewelry, wallets, purses and keys which an inmate may not retain in the inmate's personal possession.

4.    <u>Inmate Property Matrix</u>. The type and quantity of inmate property shall be governed by the security level of the facility or unit, inmate status and the designation of the facility (e.g., pretrial or sentenced). A Unit Administrator shall adhere to and limit personal property in accordance with the Attachment A, Inmate Property Matrix. The Inmate Property Matrix shall be posted conspicuously and be accessible to inmates. Each item authorized by the Inmate Property Matrix as "commissary purchase only" shall be available at each Department commissary, except as noted in the Inmate Property Matrix.

5.    <u>Admissions</u>. Upon arrival at any facility, each inmate shall be allowed to retain personal property in accordance with the Inmate Property Matrix. Each item specified shall be itemized during admission and recorded on the CN 61001, Inmate Property Inventory.

    A.    <u>Inventory Details</u>. Any retained item, which requires inventory by the Inmate Property Matrix, shall be listed using accurate descriptive information including size, color, make or brand, and serial or identification number.

    B.    <u>Unauthorized Property</u>. Any item not to be retained by an inmate shall be inventoried using the Inmate Property Inventory, CN 61001. Any such item shall be appropriately disposed of in accordance with Section 27 of this Directive and the CN 61002, Inmate Property Status and Receipt shall be completed. No inmate shall be permitted to retain any item which does not conform to the Inmate Property Matrix or is in excess of the quantities allowed in Section 16.

    C.    <u>Inmate Signature</u>. Each inmate shall be required to review and sign CN 61001, CN 61002, CN 61003, Inmate Money Receipt Form and CN 61004, Inmate Property Valuables and Document Storage and Discharge Receipt as appropriate. A staff member shall witness the signature.

dollars ($200.00). The inmate, upon admission to a facility, must sign the CN 61001, Inmate Property Inventory stating that the value of the items in the inmate's possession does not exceed the authorized value.

15. <u>Religious Articles</u>. Religious articles may be allowed in accordance with the Inmate Property Matrix. Religious articles shall be available for Commissary purchase in accordance with Administrative Directive 3.8, Commissary. Inmates requesting to purchase religious articles not available through the Commissary may be allowed to purchase these items via mail order with the written permission of the Deputy Commissioner of Programs and Staff Development, in accordance with Administrative Directive 10.8, Religious Services. Religious articles shall be of minimal monetary value and shall not constitute a safety or security threat. An inmate shall be permitted to retain a religious article so long as it has a value of no more than fifty dollars ($50.00) and the size and design is not deemed a threat to security and order. Rejection of a specific religious article may be appealed by a newly admitted inmate using the Inmate Grievance Procedure, in accordance with Administrative Directive 9.6, Inmate Grievances. Religious articles shall not be displayed and shall be worn or carried under the clothing.

16. <u>Limitations on Property</u>. The total amount of property permitted in Sections 17 through 21 and the items so indicated on the Inmate Property Matrix shall not exceed six (6) cubic feet at Level 2 through Level 4 general population facilities and five (5) cubic feet in Level 5 facilities and Level 4 Close Custody programs. Property items must be stored in the locker or designated area as indicated on Attachment A, Inmate Property Matrix and shall not exceed the allowed cubic foot requirements even if the excess is an allowable item within allowable quantities. Items authorized under Sections 20 and 21 shall not comprise more than two (2) cubic feet. Any amount in excess of such materials shall be disposed of in accordance with Section 27. Unit Administrators shall establish procedures to monitor and audit inmate's compliance with this Directive and these property limitations.

17. <u>Legal Materials</u>. Each inmate shall be allowed to maintain legal materials in the inmate's living area. The Unit Administrator may allow additional short-term storage outside the cell/living area and the inmate shall be allowed controlled access. An inmate shall be required to demonstrate that any legal material permitted in short-term storage is related to pending litigation. All legal materials retained in a housing unit shall be considered inmate property and shall be subject to inspection and review.

18. <u>Paper Materials</u>. Paper materials, including but not limited to, religious publications, books, periodicals, and correspondence shall be permitted in accordance with this Directive and Administrative Directives 6.14, Security Risk Groups; 9.5, Code of Penal Discipline; and 10.7, Inmate Communications. Paper materials may be limited in accordance with this Directive based upon potential fire, sanitation, security and housekeeping hazards presented by an excess of such materials. Paper materials shall be stored in the inmate's locker or a designated area when not in use.

19. <u>Hobby Craft Materials</u>. Each Unit Administrator shall develop unit directives to address storage for arts and crafts projects if such