UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY TORRES | : | CIVIL NO. 3:03CV696(JBA)(JGM) |
| v. | : | |
| JOHN TROMBLY, ET.AL. | : | MAY 10, 2006 |

### AFFIDAVIT OF MARK DONAHUE

I, Mark Donahue, being duly sworn hereby depose and say:

1. I am employed as a correctional captain by the Connecticut Department of Correction (DOC). I have been employed by DOC for approximately twelve years. I am presently an administrative captain at Northern CI. My duties include conducting facility investigations, and I serve as the facility investigator. I have become very familiar with the conduct and issues raised by inmate Anthony Torres, #246027, as a result of my duties as a captain and facility investigator.

2. Anthony Torres has been allowed a reasonable exception above and beyond DOC policy, to maintain, and at present he has in his cell five boxes of legal materials (papers and other documents) in addition to his items of personal property, such as clothing, personal hygiene items, etc. Ordinarily inmates at a level 5 maximum security facility such as Northern are only allowed 5 cubic feet of property under the DOC property matrix, attached to A.D. 6.10. After a serious incident on March 10, 2006, which threatened the health and safety of staff and inmates, in which Mr. Torres covered himself, the cell walls, and the cell window with human feces, his property had to be removed from his cell. No legal papers related to this or any other case were

stolen. The only pages taken, as explained below, were lists of names which threatening inmate and staff safety.

3. I provided a receipt to Mr. Torres for the 54 pages of inmate and staff names, the only pages which were removed from his boxes of so-called legal documents. The pages in question were not of a legal nature but rather threatened the safety and security of other inmates and the facility. The pages included alphabetical listings of inmates at Northern CI, including the other inmates' identification numbers, race, and in certain instances, contained the social security numbers of other inmates. The pages also contained names of staff, including personal information about the staff concerning where they live at home, and other personal information. It was obvious that these pages were a risk to safety and security and presented the danger of identity theft, possible threats or extortion of other inmates, threats to staff, and their families, among other safety and security concerns.

4. No other pages of documents were confiscated. There was no effort to hide the fact that Mr. Torres was not permitted to have these pages. To the contrary, I provided a receipt to Mr. Torres for these 54 pages.

5. No other pages of any documents were removed from the sixteen boxes of legal papers that Mr. Torres has accumulated. Eleven of those boxes are presently in storage and are available to Mr. Torres upon request to his Unit Manager, Counselor Supervisor Bradway. Correctional Treatment Officer Tuller is available to go to the property room, and will swap and switch one box in storage for one in plaintiff's cell, or two for two, up to all five boxes.

6. Mr. Torres is extremely dangerous to staff, as well as other inmates, especially due to his well documented history of storing bodily wastes in his cell, smearing feces, urinating

repeatedly out of his cell, either through the trap or through a crack at the side of his door. This presents a hazardous sanitary environment for both inmates and staff. As a result of this conduct, it has been necessary at times to place Mr. Torres in restraints. Pursuant to proper policy and procedure, while in restraint status for management reasons, the boxes of property are removed from his cell and stored.

7. The procedure of allowing Mr. Torres to swap one box in storage for one in his cell allows him reasonable access to all sixteen of his boxes. This procedure has been in place at all relevant times throughout 2005 to the present. It would be an unreasonable threat to fire safety, as well as institutional safety and security, for reasons related to hiding contraband, blocking entrance and exit to the cell, etc., to allow Mr. Torres to have all 16 boxes at once.

I have read the foregoing and it is all true and accurate to the best of my knowledge and belief.

_____
Captain Mark Donahue

Subscribed and sworn to before me this 10th *(md)* ~~5th~~ day of May, 2006.

_____
Notary Public/
~~Commissioner of the Superior Court~~

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 03/31/2007

3

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 15th day of May, 2006:

    Anthony Torres, #246027
    Northern CI
    POB 665
    Somers, CT 06071

                                                         Steven R. Strom
                                                         Assistant Attorney General



# NORTHERN CORRECTIONAL INSTITUTION

## RECEIPT

### CONTRABAND CONFISCATED - NO MISCONDUCT REPORT

DATE: 3/29/06   TIME: 10:00 AM

NAME: Anthony Torres   INMATE #: 246027   CELL #: 1E 202

DESCRIPTION OF CONTRABAND/ITEM CONFISCATED: A total of 54 pages documenting names of inmates, race, and number. Also names of DOC employees and their possible addresses.

REASON FOR CONFISCATION: Not authorized represents a danger to the DOC population and DOC-staff.

(You may contest the confiscation of the item(s) described above in writing to the Unit Manager within three (3) days of this notice).

_____
Staff Signature

### UNIT MANAGER'S ACTION

☐ Return to Inmate (Received:_____ Date:_____)

☐ Confiscated item is not returnable but may be released to an approved visitor or mailed out in accordance with Administrative Directive 6.10, Inmate Property, Section 26.

☐ Item cannot be kept on person and has been placed in inmates personal property.

☐ Confiscated item is unauthorized and shall be disposed of by this facility.

_____
**Unit Manager's Signature & Date**

Complete in duplicate:
 Original to inmate
 Copy to Unit Manager

**NCI 074**