UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Torres, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | Case No. 3:03cv696(JBA) |
| : | |
| "John" Trombly, et al., : | |
|     Defendants. : | |

**RULING ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [DOC. # 81]**

The plaintiff filed this civil rights action in April 2003 alleging, inter alia, that defendants Trombly and Kindness failed to provide him with high blood pressure medication in March 2003. On June 29, 2004, the Court granted defendants' Motion to Dismiss as to Counts 2 and 4-9 and all claims for compensatory damages against defendants Trombly and Kindness, and denied the Motion as to Counts 1 and 3. Ruling on Defs. Mot. to Dismiss [Doc. # 46]. The Court dismissed all claims against defendants Dumas, Coates, Lantz, Wollenhaupt, Hughes and Purvis. Id.

On April 20, 2005, Defendants Kindness and Trombly moved for summary judgment and on March 22, 2006, the Court granted their Motion as to remaining Counts 1 and 3. Ruling on Defs. Mot. for Summary Judgment [Doc. # 79]. A final judgment in favor of defendants entered on March 28, 2006 [Doc. # 80]. On April 19, 2006, the plaintiff filed the instant Motion for Relief From Judgment [Doc. # 81] pursuant to Fed. R. Civ. P. 60, which defendants opposed [Doc. # 84]. The Court granted the plaintiff extensions of time until November 1, 2006 to file a reply to the

defendants' opposition, see [Doc. # 89], but no reply was ever filed.

The plaintiff seeks to vacate the judgment entered in this case pursuant to subsections Fed. R. Civ. P. 60(b)(3) and (b)(6). Rule 60(b)(3) permits the Court to vacate a judgment in the case of "fraud . . . , misrepresentation, or other misconduct of an adverse party." Fed R. Civ. P. 60(b)(3). "Subsection 3 affords relief from judgment when an adverse party makes material misrepresentations to the court or perpetrates a fraud on the court." Hall v. Choinski, 04-CV-1059 (JCH), 2006 WL 1210787, at *1 (D.Conn. Apr. 28, 2006). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case," State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation omitted), and such relief " is only available if the moving party establishes by clear and convincing evidence that the opposing party engaged in fraud or other misconduct." Tyson v. City of N.Y., 81 Fed. Appx. 398, 400 (2d Cir. 2003) (internal quotation omitted).

The plaintiff contends that since August 2005, officials at Northern Correctional Institution ("Northern") have intercepted some of his outgoing legal correspondence addressed to the Court Clerk in an effort to impede the litigation of his federal action

against Northern employees, as well as actions he is litigating in state court.  He claims that in February 2006 prison officials at Northern confiscated 16 boxes of legal materials from his cell in retaliation for the administrative complaints he had filed alleging staff misconduct.  Prison officials returned five boxes to the plaintiff several days later and informed him that if needed to access the file boxes in storage, he could exchange them for some of the boxes in his cell.

The plaintiff alleges that on March 10, 2006, prison officials again confiscated boxes of legal documents from his cell.  He claims that one of the prison officials involved in the confiscation of his documents is a defendant in a case that he filed in state court.  Prison officials returned the plaintiff's boxes of legal materials to him 10 days later, but some papers were missing.  Prison officials have refused to return the missing documents.  The plaintiff claims that he cannot prosecute this action unless prison officials return all of his legal papers to him and stop intercepting his legal papers addressed to the federal and state courts.  The plaintiff seeks a hearing as to his claims of denial of access to his legal papers.

Prior to the Court's ruling on defendants' Motion for Summary Judgment in March 2006, the plaintiff had taken no action in the case since May 2005, when he filed motions regarding documents that he claimed had not reached the Court via mail from

his prison facility [Docs. ## 74, 75]. In September 2005, the Court addressed plaintiff's motions and noted that some of the documents identified therein had in fact been filed and docketed in the case, but that others had not [Doc. # 77]. The Court permitted the plaintiff 14 days to re-submit the motions and 30 days to respond to the defendants' Motion for Summary Judgment. Id. The plaintiff did not make any supplemental filings, respond to the Motion for Summary Judgment, or contact the Court in any way until filing the present Motion for Relief from Judgment in April 2006.

The plaintiff's Motion does not implicate either defendant Trombly or defendant Kindness in the alleged confiscation of plaintiff's boxes of legal materials or interception of legal correspondence. Rather, the plaintiff identifies a defendant in one of his state court matters and an Assistant Attorney General who represents the defendants in his state court matters as being involved in the confiscation of his legal materials. Thus, the plaintiff has not alleged that an "adverse party" engaged in fraud, misrepresentation or other misconduct in connection with this case and there is no basis to grant the plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3).[1]

---

[1] Thus, while plaintiff may choose to pursue an action against the individuals he alleges deprived him access to his boxes of legal documents and denied his access to the courts and his ability to litigate his legal proceedings, these allegations cannot provide justification for relief from judgment under Rule

The plaintiff also moves under the catch-all provision of Rule 60(b)(6), which provides for relief for "any other reason justifying relief from the operation of the judgment." The Second Circuit has held that this provision is "properly invoked only when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship." Simone v. Prudential Ins. Co. of America, 164 Fed. Appx. 39, 40 (2d Cir. 2006) (citing Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986)). The burden of proof is on the party seeking relief from the judgment. Id. (citing Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)).

The plaintiff here has failed to demonstrate the existence of extraordinary circumstances justifying relief under Fed. R. Civ. P. 60(b)(6). He generally states that prison officials intentionally intercepted some of his out-going legal correspondence addressed to this and other courts for two years and confiscated and limited his access to his legal files in February and March 2006, but with respect to this action he includes no specific allegations regarding how his ability to prosecute this case was impaired (if at all) or any efforts he made to contact the Court, file motions, or file a response to the Motion for Summary Judgment at any time during the six months following the Court's issuance of its order in September 2005

---

60(b)(3).

permitting him to re-file motions that had not been previously docketed and extending the time to file a response to the Motion for Summary Judgment.[2]  Nor has plaintiff shown that he was unable to respond to the defendants' Motion for Summary Judgment due to the confiscation of his legal papers by offering a description of those papers/documents that were taken to enable the Court to assess whether it would have granted the Motion for Summary Judgment had plaintiff interposed a response thereto. Furthermore, the plaintiff does not claim that prison officials denied him complete access to his boxes of legal documents during February and March 2006, but that they required him to rotate his boxes between his cell and the storage room outside of his cell.

Thus, the Court finds the plaintiff's allegations and affidavit insufficient to demonstrate extraordinary circumstances justifying relief or facts demonstrating that the Judgement entered against plaintiff, upon the Court's Ruling on Defendants' Motion for Summary Judgment, "may work an extreme and undue hardship."  Fed. R. Civ. P. 60(b)(6).

For the foregoing reasons, the plaintiff's Motion for Relief From Judgment [Doc. # 81] is DENIED.  The Clerk is directed to provide to the plaintiff a copy of the docket sheet in this case

---

[2] In fact, during the time plaintiff claims that prison officials at Northern were confiscating his legal documents and intercepting his legal correspondence, the plaintiff was able to file and/or litigate five cases in state court.  See Def. Mem. [Doc. # 84] Exs. A-K.

6

as he requests.

                        IT IS SO ORDERED.

                        _____/s/_____
                        Janet Bond Arterton
                        United States District Judge

**Dated at New Haven, Connecticut this 20th day of February, 2007.**